Moore *v.* Thomas.

IsAAC MOORE, Complainant, *v.* JOHN THOMAS *et al.*, Defendants.

*Reserved from Benton.*

1. A deed unacknowledged and unrecorded is good between the parties.
2. A mortgage attested by one witness will be upheld in chancery.
3. Without acknowledgment, a married woman does not relinquish her dower by signing and sealing her husband's deed.
4. A recorded conveyance of real estate, not vitiated by fraud, will have priority in all cases over *a conveyance not recorded.*

MOORE seeks, in this case, to foreclose certain mortgages, executed to him by Thomas and wife, and dated in May and June of 1853, with the exception of one, which bears date the 25th of May, 1854. Avery and Prescott are made defendants on the ground, as the bill alleges, that on the 9th of December, 1853, they obtained a mortgage from Thomas and wife, for the same property described in, and with full knowledge of the existence and contents of plaintiff's three preceding mortgages. Thomas demurs to the bill, and for cause, states that so far as plaintiff's said mortgages of 1853 are concerned, they were never acknowledged by him, and are therefore void; and as to the mortgage made to plaintiff in 1854, it is invalid, because it has but one subscribing witness. Said mortgages of 1853 were recorded soon after their execution, but without proof or acknowledgment, and so remained till 1855, when they were proven by subscribing witnesses.

*D. Logan,* for plaintiff.

*O. C. Pratt,* for defendants.

WILLIAMS, C. J. Assuming, as we must, that these mortgages are unacknowledged and unrecorded in law, we think they are valid as between the parties thereto, and may be

enforced by this proceeding against Thomas. True, the invalidity of said mortgages seems to be a legitimate deduction from some of the provisions of the act of 1849, under which they were made; but when we consider the whole of said act, we think our conclusion is well founded, and fully effectuates the object of such legislation.

When said mortgages were signed, sealed and delivered by Thomas to Moore, they were certainly good at common law, and there is no reason to suppose that the design of the registry act was to prevent the operation of a deed so made, or to protect the parties thereto as against each other; but the manifest and exclusive object of such act was to protect third persons from fraud or injury by means of prior secret conveyances. This view corresponds with the judicial construction of the same statute in Iowa, from which this was taken, and is amply sustained by other authorities. . (*Lessee of Sicord* v. *Davis et al.* 6 *Peters*, 124; *Clark et al.* v. *White, Ib.* 178; *Wood* v. *Owing & Smith*, 1 *Cranch*, 229; *Kent's Com. vol.* 4, *p.* 456.)

Plaintiff's mortgage, dated in 1854, and having but one subscribing witness, was not properly attested; for, by statute, " it should have been executed in the presence of two witnesses, who should have subscribed their names thereto as such." And in the case of *Clark et al.* v. *Graham*, 5 *Cond. R.* 192, it was held by the Supreme Court of the United States, under a statute of Ohio, similar to ours, that a deed so imperfectly executed was void. If this be true of a deed in an action at law, still, we think, that a mortgage, subject to a like defect, may be upheld and enforced in chancery; for equity can impose such conditions, and grant such relief, as the circumstances of the respective parties may require. (*Hunt* v. *Rousmaniera, Adm'r*, 1 *Peters*, 1.)

Mrs. Thomas has also demurred to the bill, because she never acknowledged said mortgages or relinquished her right of dower to the real estate therein described. This demurrer is well taken, and the reason therefor well assigned, as appears by the record.

Plaintiff's object, in making Mrs. Thomas a party, must be to cut off any future claim by her for dower; but it is clear, that the mere signing and sealing, by a married woman, of her husband's deed, without any acknowledgment, as provided by statute, will not support such a claim. (*Elliot et al.* v. *Piersol et al.* 1 *Peters*, 328; *Hepburn* v. *Dubois' Lessee*, 12 *Peters*, 345.)

Avery and Prescott demur, and take the ground that their mortgage is entitled to priority over all the mortgages of plaintiff. This position is correct, unless they are affected and postponed by the notice alleged in the bill, for it is well settled that registration and proof, such as plaintiff shows in this case for his mortgage, amount to nothing and bind nobody. To record a deed without proof or acknowledgment is a void act. (*Kern* v. *Swope*, 2 *Watts*, 75; *Heister* v. *Fortner*, 2 *Binn.* 40; *Frost* v. *Beekman*, 1 *Johns. Ch. R.* 300; *Carter* v. *Champion*, 8 *Conn.* 549.)

Though plaintiff's mortgages were not legally recorded before the act of 1849 was repealed, yet, if prior to the date of Avery and Prescott's mortgage, those of plaintiff had been duly acknowledged and recorded in accordance with the act of 1854, they must have been preferred; for, it is not correct, as assumed by counsel, that an unrecorded mortgage, dated prior to the passage of the act of 1854, cannot be properly recorded in conformity therewith, after said act takes effect. Section 26, page 479, *Oregon Statutes*, provides that, " any conveyance of real property hereafter made, which shall not be recorded, as provided in this chapter, within thirty days thereafter, shall be void against any subsequent purchaser in good faith, and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded." This section allows thirty days in which to record conveyances *thereafter* made, before they shall become void, &c.; but, as to conveyances *heretofore* made, no time is given, and, if not first recorded, they are void as against subsequent purchasers, &c., as above provided. Avery and Prescott's mortgage was first recorded,

and if they are "subsequent purchasers in good faith," they must be preferred; if not, then plaintiff has a right to have the property first applied to the payment of his debts.

Avery and Prescott took their mortgage, and put it on record with a full knowledge of Moore's, which were never recorded. We hold that Avery and Prescott were "subsequent purchasers in good faith." Their object was to secure the payment of their debt, not to injure or defraud Moore. Knowing that the property of Thomas was mortgaged to Moore, they certainly had a right to take another mortgage upon the same property, so as to secure for their debt what might remain after the payment of Moore's. And if, upon a comparison of mortgages, Moore's, for any reason, was found to be insufficient to hold, Avery and Prescott might avail themselves of that insufficiency for the collection of their debt, without being chargeable with fraud. Moore is trying to collect his debts, and Avery and Prescott are trying to collect theirs. Here is a race for priority between creditors, and the law rather favors than condemns diligence in such a race. Avery and Prescott have been more diligent than Moore, and must, therefore, be preferred. When a second purchaser takes a conveyance, and puts it upon record with an *intent* to defraud the grantee in a prior unrecorded conveyance, such second purchaser will not be regarded as acting in " good faith ;" but before the prior unrecorded conveyance can take precedence of the subsequent one recorded, the grantee in the second must be convicted of *fraud*, as against the grantee in the first deed. (*Hine* v. *Dodd,* 2 *Atk.* 275 ; *Tollin* v. *Stainbridge,* 3 *Ves.* 578 ; *McMechen* v. *Griffing,* 3 *Pick.* 148 ; *Jackson* v. *Sharp,* 9 *John.* 163 ; *Corligs* v. *Corligs,* 8 *Verm.* 373 ; *Rogers* v. *Jones,* 8 *N. Hamp.* 264 ; *Porter* v. *Cole,* 4 *Greenl.* 20 ; *Beers* v. *Hawley,* 2 *Conn.* 469.)

The Supreme Court of the United States say, in the case of *Conrad* v. *Nickoll,* 4 *Peters,* 295, that " to constitute actual fraud between two or more persons to the prejudice of a third person, contrivance and design to injure such third person must be shown." And also, " if the motive and design of an

Moore *v.* Thomas.

act may be traced to an honest and legitimate source, equally as to a corrupt one, the former ought to be preferred." Lord Hardwick says, in the case of *Hine* v. *Dodd*, above cited, that the " meaning of the registry act was to prevent parol proofs of notice, or not notice." Effect ought to be given to this " meaning," as far as practicable, so that the titles to real estate in the country may be matters of public record, and not " be, or cease to be," as shall happen by the testimony of forgetful or false witnesses. Where all conveyances of real estate are recorded, persons know where to look for information as to titles, and upon what to depend ; and we are disposed, at this early day, so far as our statute will warrant, to install this system of safety and certainty, and to hold that a recorded conveyance of real estate, not vitiated by fraud, shall in all cases have priority over a conveyance not recorded. Registry acts impose no hardships ; operate alike upon all ; make titles secure and prevent litigation. Their rigid enforcement is for the public good.

Demurrer of Thomas overruled.

Demurrer of Mrs. Thomas sustained.

Demurrer of Avery and Prescott sustained.