## LORRAINE et al. v. LONG.

Although a party may set up an equitable defence to an action at law, he is not confined to that proceeding, He may let the judgment go at law, and file his bill in equity for relief.

Our practice, while it enlarges the field of remedy, does not take away pre-existing remedies by implication,

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was a bill filed in the Court below by the appellants, asking to have a certain agreement, entered into between the plaintiffs and defendant, reformed, on the ground of mistake and fraud. The paper purported to be a settlement of a partnership debt due from plaintiffs to defendant, wherein it is alleged that it was intended and agreed that the settlement was to cover all demands; the plaintiffs contend that the defendant fraudulently procured the execution of the written agreement. Plaintiffs state also that the defendant has proceeded to obtain judgment on certain claims that were not, but should have been, included in the settlement. They pray for a reform of the contract, a temporary, and finally a perpetual injunction. The defendant demurred generally, and the demurrer was sustained by the Court below, and judgment rendered against the plaintiffs. From this judgment plaintiffs appealed.

*Robinson, Beatty & Botts*, for Appellants.

The plaintiffs could not set up their settlement in defence of the action on the lien, on account of the mistake in the case, their defence being purely equitable. 1 Greenleaf on Evidence; see 23 Stephen's Pleading, p. 196; Cal. Practice Act, § 46; Cary v. Goodman, 9 Barb. S. C. R., 658; Otis v. Sill, 9 Barb., 121. Nor could they avail themselves of the defence against the note without a correction of the lease. Practice Act, § 574; also Cary v. Goodman, above cited.

The plaintiffs' defence to the lien being unavailing without a correction of the lease, they were not bound to set it up in that action, and are entitled to relief against the judgment thereon. Practice Act, § 68; Spencer v. Wilson, Mum. R., 130; Kincaid v. Cumming, 2 Mum. R., 1; Toushee v. Lee, 4 Cal. R., 270; Click v. Gillespie, 4 Haywood R., 7.

*L. Quint* for Respondent.

1. The statute provides that "the defendant may set forth in his answer as many defences or counter claims as he may have." § 49 Practice Act.

Under this' statute they could have plead all the matters set forth in the bill of complaint, in defence of the action or actions they now seek to restrain. Corry *v.* Goodman, 2 Kenyon's R. 266; White *v.* Mirrit, 3 Sel. R., 352; Flint *v.* Lyon, 4 Cal. R., p. 17; see also Morgan *v.* Thrift, 2 Cal. R., 562.

2. When a party to a suit at law has knowledge of a fraud or other matter of defence in time to avail of it at the trial at law, and he neglects to do so, he cannot afterwards obtain relief in a Court of equity against the judgment at law on the ground of such fraud, or matter of defence that he might have set forth at the trial, but is forever concluded by the judgment. Le Green *v.* Gowman & Kemble, 1 Johns. Cas., 436 and 492; Horner *v.* Fish, 1 Pick. R., 439; Thatcher *v.* Gorman, 12 Mass. R., 267; Philips *v.* Hunter, 2 H. Bl., 415.

3. Courts of law and equity have concurrent jurisdiction on questions of fraud, Le Green *v.* Gowman & Kemble, 1 Johns. C., 436, 493; 3 Bl. C., 431–2; 2 P. Wm., 156, 220; 1 Barn. R., 396, 480, 482; 8 Vesey, Jr., 295.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

Although a party may set up an equitable defence to an action at law, his remedy is not confined to that proceeding. He may let the judgment go at law and file his bill in equity for relief. Our practice, while it enlarges the field of remedy, does not take away pre-existing remedies by implication. •

Judgment reversed and cause remanded.