## C. A. HOUGH v. CATHARINE WATERS et als.

When Judgment in Ejectment not an Estoppel.—A judgment in favor of the plaintiff in an action of ejectment does not estop the defendant from maintaining an action for the specific performance of a contract made by the plaintiff before the commencement of the action of ejectment, to convey the same land to the

defendant—provided the equitable defense was not set up in the answer, and passed on by the Court.

RES ADJUDICATA.—If an equitable defense, set up in an answer, is withdrawn before the trial, the judgment in the action is not *res adjudicata* as to the equitable defense thus 'set up.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*F. D. Colton,* and *E. A. Lawrence,* for Appellant, argued .that, prior to the adoption of the code an equitable defense could not be set up in ejectment, and that the Practice Act only enlarged the legal remedy, and did not compel a defendant to ask affirmative relief. They also argued that the fact that the equitable title was first pleaded in the ejectment suit and then withdrawn, did not affect the case; and cited *Doty* v. *Brown,* 4 Comst. 71; and *Davis* v. *Talcott,* 14 Barb. S. C. 620.

*Temple & Thomas,* for Respondents, argued that a judgment was final and conclusive, not only as to every matter thereby determined, but as to every other matter which the parties might have litigated in the case, and which they might have decided; and cited *Le Gruen* v. *Gouverneur,* 1 John. Cases, 492; and *Loring* v. *Mansfield,* 17 Mass. 394. They also insisted that plaintiff might have set up his equitable defense in the ejectment suit; and cited *Arquello* v. *Edinger,* 10 Cal. 159; and *Estrada* v. *Murphy,* 19 Ib. 248; and that the law would not permit plaintiff to withdraw his equitable defense in order to institute the present action. As to a judgment in ejectment being an estoppel, they cited *Caperton* v. *Schmidt,* 26 Cal. 479.

By the Court, SHAFTER, J.:

This is an action to compel the specific performance of a
contract to convey.   The defendant, Catharine Waters, alleges
in her answer that she brought an action of ejectment against
the plaintiff some two years prior to the commencement of
this suit, to recover the premises included in the alleged con-
tract to convey, and that Hough set up the said contract as a
defense in that action, and that the contract was denied by
special replication,—that the case was thereafter tried and
judgment recovered by Waters for the possession of the land,
which judgment is now in full force.

It appears from the record that the equitable defense set
up in *Waters* v. *Hough* was withdrawn by consent before the
trial.

The question presented is whether the judgment in favor of
Waters, in the action of ejectment, estops Hough from main-
taining this action for specific performance.

We do not consider the question an open one in this State.
The point was directly presented in *Lorraine* v. *Long*, 6 Cal.
452, and it was held that although a party may set up an
equitable defense to an action at law he is not confined to
that proceeding.   He may let judgment go at law and file his
bill in equity for relief.   And it was further considered, while
the Practice Act enlarges the field of remedy, that it does not
take away pre-existing remedies by implication.   This deci-
sion has been acquiesced in and acted on as settled law by the
profession from the time it was rendered ; and so far as we
are advised, its correctness has never been the subject of judi-
cial doubt.   To reverse this decision at this late day would
involve a sacrifice not of this case merely, but presumably of
many others instituted or to be instituted upon the faith that
the decision would be adhered to.   If the rule established by
the case is found to be of evil consequence, the Legislature
can correct it.   The case of *Morrison* v. *Wilson*, 13 Cal. 497,
and *Gray* v. *Dougherty*, 25 Cal. 277, are not opposed to *Lor-
raine* v. *Long*, when rightly understood.   They were not

intended to obliterate the established distinction between legal rights and remedies and equitable rights and remedies, nor in any manner to affect the rule in question.

Judgment reversed and new trial ordered.

Neither Mr. Chief Justice CURREY nor Mr. Justice SAWYER expressed any opinion.