F. R. HILL, APPELLANT, *v.* J. T. COOPER, RESPONDENT.

POSSESSION UNDER IMPERFECT DEED—SPECIFIC PERFORMANCE.—Possession under an imperfect deed gives an equitable title which a court of equity, on a proper bill filed, will enforce by directing a specific performance of the contract to convey. In such case the deed will be construed as a contract to convey.

CROSS-BILL—EQUITABLE TITLE, HOW ASSERTED.—Under the statute which allows an equitable defense by cross-bill in actions at law, a party may rely upon a legal defense in an action without being thereby precluded from afterwards asserting his equitable title in an original suit.

APPEAL from Douglas County.

This suit is brought to enforce a deed executed without witnesses.

The complainant alleges in substance, that on the twentieth day of August, 1856, one Riley E. Stratton being the owner and in possession of one hundred and forty acres of land in Douglas county, conveyed the same to J. J. Patton for the sum of one thousand three hundred and twelve dollars and fifty cents, which sum was paid Stratton at the time of the sale, and Patton immediately took the possession. Stratton and his wife then made a deed to Patton for said land, which deed was good in form, except there were no witnesses to its execution. The deed was delivered to Patton and recorded in the record of deeds in said county of Douglas. It is alleged in the complaint that the omission to have the deed witnessed was a mistake. Afterwards,

February 4, 1862, Patton became indebted to Stratton in the sum of five hundred and ninety-one dollars, and gave him a mortgage on eighty acres of this land as security. Patton remained in the possession of the land until the second day of April, 1869, and made improvements thereon to the amount of five hundred dollars.

In February, 1869, one John Smith obtained a judgment against Patton for the sum of five hundred and two dollars and seventeen cents, besides costs, which became a lien on this land. On this judgment the sheriff sold all the right and interest of Patton in the land, and Smith, the judgment creditor, became the purchaser and received a sheriff's deed for the same in due form and went into possession under said deed, and continued in such possession until he sold the same to the appellant Hill, and gave him possession. Riley E. Stratton died November 26, 1866, intestate, and his widow, Sarah M. Stratton, became his sole heir, and R. H. Dearborn his administrator.

Dearborn, as such administrator, brought suit on the mortgage above named of Patton to Stratton, and foreclosed the same by obtaining a decree for that purpose. In February, 1871, Dearborn assigned said decree to Cooper for seven hundred dollars. John Smith, who had before purchased Patton's interest in the land subject to the mortgage, which was the foundation of this decree, paid the full amount of the decree, and discharged the same. After this, April 22, 1871, John Smith sold to appellant Hill this land, for the sum of one thousand two hundred and fifty dollars and thirty cents, and gave him a deed therefor in due form, under which Hill entered into possession.

After this, April 8, 1872, Sarah M. Stratton, who was the sole heir of Riley E., made a quitclaim deed of this land to Cooper, the respondent, the consideration being one dollar. Cooper then brought an action against Hill to recover the possession of this land, and having the legal title by virtue of this quitclaim deed, recovered the possession of the land from Hill and ousted him from it. Stratton and wife never had any other title to the land than as above stated. It is alleged that Cooper, at the time he obtained

said quitclaim deed, had full knowledge of all the facts in
the case, and that said deed was without consideration.

The bill prays that said imperfect deed from Stratton to
Patton be enforced as a contract to convey, and that Cooper
may be required by decree to convey the land to appellant
Hill. The defendant Cooper interposes to this suit as a
separate defense, this judgment at law, in which he recov-
ered this land from Hill, claiming that this judgment is a
bar to the suit. To this answer appellant demurred and
the court below overruled the demurrer and sustained the
answer.

From the decision on this demurrer the appellant appeals
to this court.

*Addison C. Gibbs, W. B. Gilbert and R. S. Strahan,* for
appellant:

The deed from Stratton to Patton being without witnesses
did not fulfill the requirements of the law, and the legal
title still remained in Stratton; but the price agreed upon
for a valid conveyance having been paid by Patton in the
manner agreed upon, and the intention of Stratton to con-
vey to Patton the legal title having failed through mistake,
Stratton held only the naked legal title, and Patton held all
the beneficial interest; and as between Stratton and his
grantees, a court of equity would correct this mistake, sup-
ply the defect, and carry the intention into effect by invest-
ing Patton with the legal title. (Story's Eq. secs. 165-7.)

Cooper took with actual notice of all the facts as to the
Patton title and its conveyances down to Hill, and having
paid no consideration for the deed to him, is bound by all
that would have bound Mrs. Stratton. (Story's Eq. secs.
165-6; *Morrison* v. *Moulton,* 24 Penn. 12; *Hawkins* v. *Lam-
bert,* 18 B. Mon. 99; *Bube* v. *Elliott,* 4 Barb. 457; *Calkins* v.
*Allaton,* 3 Id. 171.)

The judgment in the action at law, in case of *Cooper* v.
*Hill,* set up in the answer, is no defense to this suit. The
answer sets out the pleading in that ejectment suit, and
shows that an adjudication of, and upon, the same facts set
up in this bill has not been had. As the answer demurred

to shows, the only question involved in the case of *Cooper* v. *Hill*, was the fee-simple title at law. Here it is admitted that the fee-simple title is in Cooper, and Hill is seeking relief by showing himself entitled to have that fee-simple title transferred from Cooper to himself. At common law a judgment in ejectment cannot be pleaded in bar or given in evidence by way of estoppel—it was between fictitious persons. (Herman's Law of Estop., sec. 68; Tillinghast's Adms. 3; Tyler on Eject. 584–592.)

Under our statute a judgment is conclusive only "so far as the same is hereby determined," and of course only affects the estate or title put in issue by the pleadings. (Laws of Or. 177, sec. 326; Id. 254, sec. 723; Id. 255., sec. 726; Freem. on Judg., secs 249, 252, 256, 257, 258, 259, 260, 271, 281, 295, 299; *Mosby* v. *Wall*, 23 Miss. 81; *White* v. *Crew*, 16 Geo. 416; *Arnold* v. *Grimes*, 16 Clark, 1; *Pollock* v. *Gilbert*, 16 Geo. 398.)

A matter cannot become *res judicata* until it can be tried upon its merits, that a failure at law does not affect a remedy or defense cognizable only in equity. (Freem. on Judg. sec. 281; *Lorraine* v. *Long*, 6 Cal. 452; *Hough* v. *Waters*, 30 Id. 309; *McCrerey* v. *Casey*, 45 Cal. 128; 4 Pac. L. R. 179; 38 Cal. 643; 3 Leading Cases in Eq. 183.) Even then the parties in their pleadings may limit their controversy to a particular title, and if so are bound by it. (29 Cal. 521; *Marshall* v. *Shafter*, 32 Id. 176, 195–198.)

Hill was not required to file a cross-bill, and stay the action at law. It is only a privilege, whereby he could save time and a summons. He might let judgment go at law, and file his bill in equity for relief at any time. (*Lorraine* v. *Long*, 6 Cal. 452: *Hobbs* v. *Duff*, 23 Cal. 596, 627; *Stoddard* v. *Treadwell*, 26 Cal. 300, 307–8; 2 Estee, 765, sec. 55; *Burdeck* v. *Post*, 12 Barb. 168; *Weck* v. *Hazelton*, 14 How. Pr. 99; *Leguat* v. *Redding*, 4 E. D. Smith, 285; 17 Abb. Pr. 467; 43 Barb. 628; 1 Duer, 667; 3 Hill, 174; 3 Sandf. 743; *Joes* v. *Van Epps*, 23 Wend. 157; 6 N. H. 481; *Barber* v. *Rose*, 5 Hill, 81; 14 Wend. 257; 16 Id. 583; 6 Dure, 667; *Hough* v. *Waters*, 30 Cal. 309; Barb. on Set-off, 21; *Dotz* v. *Brown*, 4 Com. 756; *Davis* v. *Talcott*, 14 Barb.

620; 25 Cal. 271; 30 Cal. 311; 5 Denio, 678 and 689; 11 Paige's Chan. 298.)

*John Kelsay and W. W. Thayer,* for respondent:

The entire title was included in the action and judgment mentioned in the answer. (32 Cal. 196; Code, 255, sec. 726; 26 Cal. 479; 15 Pick. 285; Cal. Code, sec. 1911; Freem. on Judg. sec. 299, 302; 1 Johns. Cas. 502; 44 N. Y. 12; 25 Wend. 431; 11 Conn. 248; 38 N. Y.; 4 Barb. 358; 12 Id. 567; 54 Ill. 79.) The action at law mentioned in the answer was to recover the possession of the real property described in the complaint and answer. In that action each party claimed to be owner in fee. The judgment was conclusive as to the estate. (Code, 176, sec. 313; Tyler on Eject. 592.)

A fee-simple is the largest possible estate which a man can have in the land, it includes both the legal and equitable title. (1 Wash. on Real Prop. 66, sec. 33; 4 Kent, 3; 1 Hil. on R. Prop. 54, sec. 7; 2 Wall. 410; 2 Wash. on R. Prop. 454; 6 Penn. 299.) The judgment establishes the title in fee and is of the same form as if Cooper had a deed in fee-simple at the date of the judgment from Hill. It cannot be impeached in a collateral proceeding. (Freem. on Judg. sec. 334.) If a party defendant at law is entitled to relief arising out of facts requiring the interposition of a court of equity, and material to his defense, etc., he may file a complaint in equity, in the nature of a cross-bill, etc. (Code, 630, sec. 377. If he neglects to do this, *prima facie* at least, it is a bar. (9 Paige, 630, and cases.) And we claim that it is an absolute bar. Plaintiff had a full defense at law, as appears from the complaint in this suit. (9 Cow. 81; 18 John. 97.)

By the Court, BOISE, J.:

The facts stated in the plaintiff's bill show that Patton paid Stratton the full purchase price of the land and took possession under the imperfect deed; this proceeding would give Patten an equitable title to the land as against Stratton, which a court of equity on a proper bill filed would

enforce by declaring a specific performance of the contract to convey; for the imperfect deed in such a case will be construed as a contract to convey, and may be enforced. (Story's Eq. 165.)   And the same is true of all who succeed to the naked legal title which commenced in Stratton, if they took with notice; and it appears that Cooper, who succeeded to this title by said quitclaim deed knew all the facts, and had actual notice of the equity then in the appellant, and he was bound to take notice of this equity, for Hill was in actual possession of the land.   (*Stannis* v. *Nichols*, 2 Or. 332.)   But we understand that respondent's counsel do not strenuously contend that Hill might not have obtained the relief he now seeks in this suit, had he interposed the same. as a defense by the way of a cross-bill in equity to the action by Cooper against him to recover the possession of this land.   But counsel for respondent now insist that having a right under the statute to interpose this equity in that action, appellant having failed to avail himself of such a defense, cannot now, after having asserted in his answer in that action that he was the owner of the fee-simple title, and that having been determined against him, come and assert his equity derived through the deed from Stratton to Patton.   It is insisted by the counsel for respondent that it is the duty of a party defendant who has an equitable defense to an action at law to interpose the same by way of cross-bill, as allowed by the code, and if he fails to do so, his right is lost and the determination of the action at law against him will forever bar his equity.   The determination of this question depends upon the construction of our statute conferring on litigants the right to interpose equitable defenses in actions at law.   The statute is as follows:

"Where the defendant is entitled to relief arising out of the facts requiring the interposition of a court of equity and material for his defense, he may, upon filing his answer therein, also as plaintiff file a complaint in equity in the nature of a cross-bill, which shall stay the proceedings at law."

The statute says the defendant may on filing his answer

also as plaintiff file a complaint in equity, which opens to him the door to let in equitable defenses, without the expense and trouble of commencing an original suit in equity to enforce his claim; it may be that his equitable defense is a full defense, and in effect defeats the claim of the plaintiff, and it may be that it is only a partial defense, and, as is the case in many real actions, only offers partial relief by seeking to have a return of the purchase-money where there has been a failure to convey the title, and the court of equity cannot decree the title to defendant as in cases of sales by executors and guardians.

In such cases it often happens that doubts arise as to whether the legal title has been conveyed, and the defendant when sued at law for the possession, may, when called on to answer, desire to try the legal title, and fully believe he has it by virtue of the sale, though doubts have been cast on it by claim of the heir. In such a case, if he yields to the title of the heir, and files his cross-bill to recover the purchase-money, he must abandon the hope of holding the land, though bought in good faith and greatly enhanced in value by improvements made by him.

In such cases it would be vastly more conducive to justice that the law remain as it was before the enactment of the statute referred to, if the construction contended for by the respondents prevail. It has been held by this court, in the case of *Dolph* v. *Barney*, that where a defendant in an action to recover real property files an answer at law asserting title in himself or another, he cannot also file a bill in equity in the nature of a cross-bill, he must therefore abandon his right to defend his title at law before he can avail himself of any defense in equity.

We think it was not the intention of the statute to place defendants in a worse position by giving them a right to interpose equitable defenses in legal actions than they were before. It was the intention of the statute to simplify legal proceedings and save expenses to litigants, and at the same time save to them all their former remedies if they saw fit to omit them. And such a construction has been given a similar statute in other states. (*Lorraine* v. *Long*, 6 Cal.

452; *Hobbs* v. *Duff*, 23 Cal. 596.)    We think the proper construction of this statute is that it confers on a defendant in an action at law the privilege to interpose an equitable defense if he has one, but that if he fails to so interpose he may avail himself of his equity after a judgment against him in the same manner as before this statute was enacted.

There is another matter which was presented and insisted on by the respondent as conclusive in this case, that is that inasmuch as the appellant Hill in his answer in the action for possession by Cooper against him, set up title in fee-simple in himself, which was denied in the replication, and this issue being determined against him, this determination was a final adjudication of title in the premises between him and Cooper, for the fee-simple includes and merges all other title and equities, the same being inferior to and included in the fee-simple. It is true when the appellant asserted a fee-simple title in his answer in the ejectment he claimed a title which if he possessed included all inferior titles, and he had no need to assert this equity claimed in the suit.    But the determination in that action was that he had not a fee-simple title, that such title was in respondent Cooper.    This determination in that action showed that appellant was mistaken in supposing he possessed a fee-simple title, in that action.    He could not assert his equity under the pleading on which it was tried; and consequently his equity asserted in this suit was not adjudicated in that action.

A matter cannot be said to be adjudicated in an action which was not in issue therein. (Civil Code, p. 255, sec. 720.