Okey, J.
The petition in this case contains allegations which, properly stated, would have constituted a good bill in *143 chancery to reform the deeds, and lienee the petition is sufficient. Under the former practice, allegation and proof of such equitable title would not have been permitted in an action of ejectment, and hence it would have been necessary to resort to such a bill. But under the civil code “ the defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as lie may have, whether they be such as have been heretofore denominated legal or equitable, or both” (§ 93, Rev. Stats. § 5071), and hence it is clear that the equitable title might have been set up as a counter-claim. 3 Wait’s Act. & Def. 113.. Furthermore, it might have been pleaded as a defense (Lancaster, etc. Co. v. Colgate, 12 Ohio St. 344), without demanding a remedy of an affirmative character ; but, “ whether this remedy is demanded or not, the answer should contain all the substantial facts that would be found in a cross-bill in chancery.” Pomeroy’s Rem., § 95; Powers v. Armstrong, 36 Ohio St. 357. In such equitable action, or in such counter-claim, it would be necessary to make all persons in interest parties. “ When the land has passed through several owners by a succession of conveyances, all the series of grantors, or their heirs if they themselves are dead, are necessary defendants.” Pomeroy’s Rem. § 371; Civil Code, § 96 ; Rev. Stats. § 5074. Equally cogent is the reason for holding such parties to be essential where the mistake is pleaded as a defense; for a judgment, on the equitable title, whether pleaded as a counter-claim or as a defense, or asserted in an independent suit, would operate, mutually, as an estoppel on the parties to the action and all claiming under them; and if such title may be set up in the answer as a defense, without making all persons in the chain of title parties, the rights of persons not parties to the suit will be, in many cases, virtually determined by the judgment.
The general rule is that a party when sued is bound to set up every defense, legal or equitable or both, which he may have to the action, and effectually waives those not pleaded. Life Ins. Co. v. Bangs, 103 U. S. 780 ; Ruegger v. Railroad Co., 103 Ill. 449; Tuttle v. Harrill, 85 N. C. 456. The claim that this is so in Ohio is strengthened by the fact that a lead *144 ing object in the enactment of our code of civil procedure was to enable suitors and courts in each case, “ to avoid multiplicity of suits, and to attain a final and complete determination of all the questions involved in it, with the least possible delay and at the least possible expense.” Penn v. Hayward, 14 Ohio St. 302, 306. Rut we may fairly say that here the statute has made an exception. “ If the defendant omit to set up the counter-claim or set off, he cannot recover costs against the plaintiff in any subsequent action thereon,” except in cases specially provided for. Civil Code, § 95 ; Rev. Stafs. § 5073; Covington, etc. Co. v. Sargent, 27 Ohio St. 233; Swensen v. Cresop, 28 Ohio St. 668. The inference that a defense, where the same facts constitute a counter-claim, may also be withheld without estopping the defendant, seems to be irresistible. It follows that Witte had his election to plead his equitable title as a counterclaim or a defense, or reserve it as he has done, for a separate action. The New York code of civil procedure, from which ours is largely borrowed, had received a construction in accordance with the view here expressed, before- the adoption of our code (Halsey v. Carter, 1 Duer, 667); Mr. Pomeroy in his able work on the modern codes of civil ¡procedure, states the rule in the same way (Remedies & Rem. Rights, § 804); and we are led to the conclusion, after a laborious examination of the cases, that the position is imjiregnable. Lorraine v. Long, 6 Cal. 452 ; Hough v. Waters, 30 Cal. 309 ; McCreary v. Casey, 45 Cal. 128; Hills v. Sherwood, 48 Cal. 386; Dorsey v. Reese, 14 B. Mon. 157; Welch v. Hazelton, 14 How. Pr. 97; Lignot v. Redding, 4 E. D. Smith, 285; Insglee v. Hampton, 8 Hun, 230 ; Bellinger v. Craigue, 31 Barb. 534; McDonald v. Christie, 42 Barb. 36; Barth v. Burt, 43 Barb. 628; Gillespie v. Torrance, 25 N. Y. 306 ; Simeon v. Schurck, 29 N. Y. 598; Brown v. Gallaudet, 8 N. Y. 413 ; Schwinger v. Raymond, 83 N. Y. 192; Foster v. Evans, 51 Mo. 39, Gardinier's App. 89 Pa. St. 528; Mc-Ewen v. Bigelow 40 Mich. 215. And see Waterman on Set-off, § 689. Indeed, the circumstance that new parties were necessary may have afforded, as in Coates v. Chillicothe Bank, *145 23 Ohio St. 415, a strong reason why it may have been the better course to seek relief by independent suit.
An examination of the Ohio cases (cf. Covington, etc. Co. v. Sargent, supra; Roby v. Ramsberger, 27 Ohio St. 647 ; Swensen v. Cresop, supra; Porter v. Wagner, 36 Ohio St. 471), shows an apparent conflict in the syllabi or head-notes. Although in this state such head-notes are prepared by the judges, and in all cases receive the assent of a majority — a practice with which we are well satisfied — they are always to be read in connection with the facts appearing in the report, and so read, the cases are not in conflict, nor are they in conflict with the principles asserted in tins case.

Judgment reversed.

MoIlvaine, J., dissented from the second proposition in the syllabus.