## NO BAR RAISED BY FAILURE TO SET UP COUNTER-CLAIM.

Court of Appeals for Cuyahoga County.

KATHERINE ENGEL v. M. L. ROTHMAN.

Decided, March 6, 1916.

*Pleading—Action for Liquidated Damages Under a Contract—Defendant May Set Up Counter-Claim, or Waive It and Bring an Independent Action Thereon.*

A defense, where the same facts constitute a counter-claim, may be withheld without estopping the defendant from asserting his claim later, and having waived it at the expense of having the costs assessed against him, he may proceed upon his counter-claim in a separate action for equitable relief.

*R. J. Selzer,* for plaintiff.
*F. C. Scott* and *M. L. Koblitz,* contra.

CARPENTER, J.

This case comes into this court on appeal.

It appears that the defendant, on the 14th day of May, 1915, recovered a judgment against the plaintiff, Katherine Engel, for $1,000, being the amount stipulated in her contract with the defendant Rothman as liquidated damages.

In her answer in that case she set up as her sole defense a denial of her ownership of the premises which she had refused

to convey. Thereafter said defendant instituted an action in the court of common pleas to subject plaintiff's property on Dennison avenue to the payment of said judgment. The present suit is brought by plaintiff to restrain the defendant from proceeding to enforce the collection of said judgment, and from issuing any order of sale, and that said contract may be declared null and void.

In her petition plaintiff sets forth the recovery of said judgment; that her answer to the petition was solely a denial of her ownership of said premises, and alleges that the contract upon which said judgment was obtained and action thereupon founded, was procured by a conspiracy entered into by said defendant and one A. L. Simons, a real estate agent, acting in behalf of said defendant. That said Simons made various false representations to her which she was induced to believe, and relying thereon signed said instrument. The court below sustained the motion of said Rothman to dissolve the restraining order granted plaintiff upon the filing of her petition, and also sustained the general demurrer of said defendant to the petition, and the plaintiff not desiring to plead further, dismissed plaintiff's petition.

The question which accordingly arises is whether the plaintiff is barred from maintaining this action by failing in her answer to set up as defensive matter the allegations in her present petition.

It is true that the general rule is that a party when sued is bound to set up every defense, legal or equitable, or both, which he may have to an action, and effectually waives those not pleaded, but it is also true that a party having a counter-claim 's not compelled to set it up in the same action. He may waive it, and at the expense of having to pay the costs as provided by the General Code, may institute an independent proceeding.

It will be remembered that plaintiff in her answer in the former suit pleaded only that she was not the owner of the premises, thereby bringing herself squarely within the rule.

In the case of *Loraine* v. *Long*, 6 Cal., 452, the court say:

"Although a party may set up an equitable defense to an action at law, his remedy is not confined to that proceeding. He

may let the judgment go at law, and file his bill in equity for relief. Our practice while it enlarges the field of the remedy does not take away pre-existing remedies by implication.''

In the case of *Hill* v. *Cooper,* 6 Ore., 181, on page 186, the court say:

''But we understand that respondent's counsel do not strenuously contend that Hill might not have obtained the relief he now seeks in this suit, had he interposed the same as a defense by the way of a cross bill in equity to the action by Cooper against him to recover the possession of this land. But counsel for respondent now insists that having a right under the statute to interpose this equity in that action, appellant having failed to avail himself of such a defense, can not now, after having asserted in his answer in that action that he was the owner of the fee simple title, and that having been determined against him, come and assert his equity derived through the deed from Stratton to Patton. It is insisted by the counsel for respondent that it is the duty of a party defendant, who has an equitable defense to an action at law, to interpose the same by way of cross bill, as allowed by the code, and if he fails to do so, his right is lost and the determination of the action at law against him, will forever bar his equity. We think it was not the intention of the statute to place defendants in a worse position by giving them a right to interpose equitable defenses in legal actions than they were before. It was the intention of the statute to simplify legal proceedings and save expenses to litigants and at the same time save to them all their former remedies, if they saw fit to omit them. And such a construction has been given to a similar statute in other states. We think the proper construction of this statute is that it confers on a defendant in an action at law, the privilege to interpose an equitable defense if he has one, but that if he fails to so interpose, he may avail himself of his equity after a judgment against him, in the same manner as before this statute was enacted.''

In the case of *Witte* v. *Lockwood,* 39 O. S., 141, the syllabus is as follows:

''1. The general rule is that a defendant is bound to set up every defense, legal or equitable or both, which he may have to the action, and waives those not pleaded; but where the facts claimed to afford a defense are sufficient to constitute a counterclaim, there is an exception to such general rule.

"2. A defendant relying solely on his legal title, in an action to recover the possession of real property, and failing, is not estopped to maintain an action to correct mistakes in the deeds under which the parties to such action respectively claimed. He has his election to rely on such equitable title as a defense of a counter-claim, or he may maintain an action thereon."

In its opinion the court say, at page 144:

"The inference that a *defense,* where the same facts constitute a counter-claim, may also be withheld without estopping the defendant, seems to be irresistible. It follows that Witt had his election to plead his equitable title as a counter-claim of a defense, or reserve it as he has done, for a separate action. The New York code of civil procedure, from which ours is largely borrowed, had received a construction in accordance with the view here expressed, before the adoption of our code (*Halsey* v. *Carter,* 1 Duer., 667). Mr. Pomeroy in his able work on the modern codes of civil procedure, states the rule in the same way (*Remedies & Rem. Rights,* Section 804); and we are led to the conclusion, after a laborious examination of the cases, that the position is impregnable."

Under the foregoing authorities, we regard the rule as pronounced therein, as applicable to the facts of the case at bar, and fully answers the question at issue in favor of the plaintiff, and the demurrer will be overruled.

MEALS, J., and GRANT, J., concur.