NEIL MONROE ET AL., RESPONDENTS, *v.* THE NORTH-
ERN PACIFIC COAL MINING COMPANY, AP-
PELLANT.

PLEADINGS—AMENDMENTS MAY BE MADE ON APPEAL WHICH DO NOT CHANGE
THE ISSUES TRIED IN THE LOWER COURT.—An amendment may be allowed
in the appellate court which changes the allegations of the complaint,
where such changes only serve to present upon the complaint and
answer the same questions that were presented in the lower court upon
the answer and reply; but an amendment which presents a defense not
presented or suggested in the pleadings in the court below, will not be
allowed.

CONTRACT—EFFECT OF BREACH OF, UPON DEFERRED PAYMENTS.—Payments
that are to be made on the completion of certain work, become due by
operation of law whenever a breach of the contract by the party liable
therefor operates to prevent the other party from complying with the
contract, and completing such work.

APPEAL from Coos County.

This action was brought in the County Court of Coos
County to recover seven hundred and eighty dollars, alleged
to be the reasonable value of work done in running a tunnel

in a coal mine, less three hundred and thirty-three dollars and thirty-three cents, already paid. The defendant denied an indebtedness, and alleged a contract, by the terms of which, in substance, plaintiff was to run a tunnel, of dimensions and length described, and at the rate of not less than one hundred feet per month, the defendant to furnish lumber, and provide tools and the use of a certain blacksmith shop, and to pay for the tunnel at the rate of twenty dollars per foot in length—one half upon the completion of each one hundred feet, and the remainder upon the shipment of the first cargo of coal after the mine was reached. The defendant further alleged that the required length of the tunnel was about three hundred and seventeen feet, and that the plaintiffs, after completing one hundred and seventeen feet thereof, abandoned the work, to the defendant's damage in the sum of five hundred dollars. Plaintiffs replied, admitting the contract, but alleging that defendant failed to provide tools and the use of the blacksmith shop, and that, by reason of such failure, plaintiffs were unable to complete the work. A trial was had in the County Court, and a judgment rendered in favor of plaintiffs for four hundred and forty-six dollars and sixty-six cents, the amount claimed, from which judgment the defendant appealed to the Circuit Court. Upon the appeal, plaintiff, after leave obtained, amended his complaint, so as to set out the contract referred to, with the alleged breach by defendant, with an allegation to the effect that the defendant is a foreign corporation, and that the contract in question was made through its authorized agent, D. R. Dale. Defendant, answering, denied the alleged breach, but alleged that plaintiffs first violated the contract, to defendant's damage, etc., and alleging, further, that it had never executed a power of attorney, appointing an agent, as required by law, in order to authorize it to engage in business in this State, and that the contract, executed through Dale, was for that reason void. So much of the answer as related to the power of attorney was, on motion, stricken out. Plaintiffs obtained judgment for the amount claimed, and defendant appealed to this Court. The errors relied upon in the appeal are stated in the opinion of the Court.

*J. F. Watson*, for Appellant.

*W. R. Willis*, for Respondents.

By the Court, BONHAM, C. J.:

The first objection urged by counsel for appellant is, that the Circuit Court erred in allowing plaintiffs to amend their complaint by setting out the special contract entered into by the parties, and charging upon defendant a breach thereof, and by setting up a claim to recover for the labor performed by plaintiffs at the rate of compensation stipulated for in said contract; whereas the original complaint, in the County Court, showed a cause of action, based upon implied assumpsit, for the recovery of the reasonable value of the labor performed, and made no reference to the express contract set up and relied upon in the amended complaint.

The original complaint, filed in the County Court, ignored the existence of any special or express contract, and only tendered an issue so far as the price for the labor performed by plaintiffs was concerned, upon the *quantum meruit*, and, upon an issue joined on that allegation by a simple denial thereof, evidence of a fixed contract price would be inadmissible. After a trial in such case in the court of original jurisdiction, we do not think that the appellate court would be warranted in allowing an amendment which would change the issue from that of implied assumpsit to that of express contract.

The object of the provision of ¿ 533 of the Civil Code, that the trial in the appellate court shall be upon substantially the issues tried in the court below, is to enable the parties to come into the appellate court with their evidence for trial, and to protect the party, who comes into court with a good pleading, from unnecessary delay and expense in his litigation.

But the defendant in this case comes into the County Court, and by his answer admits that the labor was performed, as charged by plaintiff; but, in a plea by way of avoidance, alleges that it was rendered under a special con-

tract, by the terms of which there was nothing due to plaintiffs, except three hundred and thirty-three dollars and thirty-three cents, which had already been paid to them, as the first installment on the first one hundred feet of the tunnel by them agreed to be constructed. The defendant, after further setting forth in its answer the terms of the special contract, charges that the plaintiffs wrongfully violated and abandoned their said contract, to the damage of the defendant in the sum of five hundred dollars, for which it asks judgment.

By the reply of plaintiffs to this new matter in the answer, an issue was formed in the County Court, between the answer and reply, which is substantially the same as that formed in the Circuit Court between the amended complaint and the answer thereto. While it is doubtless true that the portion of plaintiffs' reply in the County Court which charges upon defendant a breach of the special contract referred to was liable to objection, because inconsistent with the complaint, which makes no mention of a special contract, yet we think, in the absence of any objection on that ground, that the reply ought to be regarded as presenting an issue upon that subject. We think that the court below did not err in allowing the amendment to the complaint, inasmuch as it only served to correct the form of the pleadings by presenting the mutual altercations of the parties in their correct and natural order.

The second objection to the proceedings of the court below is to the effect that the court erred in sustaining plaintiffs' motion to strike out that part of defendant's answer to the amended complaint which alleges substantially, as a matter of defense, that defendant had never complied with the law of this State requiring it, as a foreign corporation proposing to transact business here, to file in the clerk's office of the county where such business was to be carried on, a power of attorney, designating a resident citizen of this State with authority to accept service of process, and on whom process might be served in all legal proceedings against such corporation.

It is claimed by counsel for appellant that in the absence

of a compliance with the law in this respect by defendant (which in this case is conceded to be a foreign corporation), its contracts would be void. And it is further claimed that, inasmuch as plaintiffs were allowed by the Circuit Court to amend their complaint by setting out their express contract with defendant, the defendant ought to be allowed to set up any defense which it might have that would show the invalidity of such contract. This defense was in no way suggested by the pleadings in the County Court; and, aside from the extremely doubtful legality of allowing a foreign corporation, under any circumstances, to come into the courts of this State and plead its own omission to comply with the requirements of our laws, we think that the interposition of this defense in the appellate court, for the first time, would be such a departure from the issues tried in the County Court as could not be allowed under any fair construction of § 533 of the Civil Code. If this plea of the defendant was a good defense against plaintiffs' right to recover of the corporation, it would have been but a simple act of justice on the part of defendant to have notified plaintiffs, at the earliest opportunity, of its intention to rely upon the same, so as to avoid any unnecessary expense of litigation.

The third objection, that the court erred in admitting evidence of the levy on the blacksmith shop and tools of defendant, by Harvey Howard, without proof of the attachment directing the same, we think is not well taken, for the reason that we find nothing in the bill of exceptions showing that the error complained of was committed. The use of the blacksmith shop and necessary tools to prosecute the work of opening the tunnel were to be furnished plaintiffs by defendant. It appears from the bill of exceptions in this case that plaintiffs attempted on the trial to show that, in an action by attachment against the defendant, the tools and blacksmith shop, which defendant had furnished plaintiffs, under the terms of the contract, to use while so at work, were taken from them, and that they were deprived of the means of prosecuting such work further, and for that reason they abandoned the same, and thereafter treated the contract as rescinded. On this subject it appears that a ques-

tion was propounded to Wm. Hunter, a witness for plaintiff. The question, as reported in the bill of exceptions, is a little vague, probably from an error in copying the transcript. By supplying the following words, inclosed in brackets, the question will be intelligible, and will read as follows: "State [what you know concerning] the blacksmith shop and tools being levied on, under an attachment against defendant, by Harry Howard, an officer." The "defendant objected to this question, for the reason that no attachment was produced or proven, and that Harry Howard was not shown to be an officer authorized to serve a writ of attachment." "The court overruled the objection and admitted said evidence, and defendant by its counsel, then and there excepted to said ruling." The foregoing is all that the bill of exception discloses regarding the subject of the levy on the blacksmith shop and tools in question, to which counsel for defendant objected. The question was objected to; the objection was overruled, and the evidence admitted. But the bill of exceptions gives no intimation as to what the answer of Mr. Hunter to the question was, if, in fact, he knew anything on the subject. A conclusion that the court below erred in this respect could not be predicated upon so vague and indefinite a showing as this.

This brings us to the consideration of the objections made by appellant to certain instructions of the court, and the exceptions taken to the refusal of the court to give certain special instructions asked for by counsel for appellant.

But before proceeding to refer to the instructions given and refused, to which exceptions were taken by appellant, let us see what issues of fact were by the pleadings presented to the jury for trial.

The complaint, as amended in the Circuit Court, shows an action for damages upon a special or express contract for labor to be performed by plaintiffs, and charges a breach of the contract on the part of the defendant, by reason of which the plaintiffs, after having performed a part of the work contracted for, were prevented from completing the same, and on account of which they claim a rescission of the contract and the right to recover from the defendant the full

contract price agreed upon, for the work already performed.

The defendant, admitting the terms of the contract, denies the breach thereof on its part, and charges a breach of the same by plaintiffs.

The plaintiffs' right to recover the amount claimed by them in this action only depended upon the finding by the jury in their favor on the issues as to the violation of the contract by defendant. We think that the contract price of twenty dollars per yard in length of the tunnel completed by plaintiffs, is the just measure of damages sustained by them on account of a breach of the contract by defendant. The measure of damages under the pleadings in this case becomes a mere question of law, so far as the plaintiffs' claim is concerned, if the defendant committed a breach of the contract as charged.

The bill of exceptions shows the following instructions asked for by counsel for appellant, and refused by the court:

1. " The plaintiffs can only recover in this action what the evidence shows to be due them on the contract set up in the pleadings."

This instruction, we think, was not sufficiently qualified, and was calculated to mislead the jury, for the reason that, by the literal terms of the contract referred, one half, or ten dollars per yard for the work done by plaintiffs, would not become due until after the completion of the tunnel and the shipment of a cargo of coal from the mine had been made. We think it is fairly to be inferred from the terms of the contract set out in the complaint that defendant's coal mine had not been opened so that coal could be procured for shipment, and that it was the understanding of the parties that the cargo of coal referred to in the contract was not to be shipped until after the completion of the tunnel which plaintiffs agreed to construct. Although, by the literal terms of the contract, without reference to its violation by defendant, plaintiffs had already been paid all that was due them thereon, yet by operation of law the deferred payments became due as soon as defendant committed a breach of the same so as to prevent plaintiffs from complet-

ing the work. To hold otherwise would be to say that plaintiffs, without any fault of theirs, should lose one half of the price of their labor as agreed upon. (*Hale* v. *Trout,* 35 Cal. 229.)

It was urged by counsel for appellant that it would not be just to allow plaintiffs to recover the same price for the first one hundred yards of the tunnel as for the second and third one hundred yards, for the reason that the construction of the first one hundred yards would be less difficult and expensive than the second and third. It is an answer to this that there was no issue made by the pleadings as to the relative cost of the different parts of the tunnel; the contract makes no distinction in this respect, and the court we think could not make any.

The second and third instructions refused by the court are as follows:

2. "By the terms of that contract, upon the completion of the first one hundred feet of the tunnel, but one half of the price became due, to wit, three hundred and thirty-three dollars and thirty-three cents."

3. "The remainder of the price for said one hundred feet did not and cannot become due until the first cargo of coal can be shipped."

In view of the conclusion already arrived at as to the just measure of damages in a case like this, the correctness of the court in refusing to give the last two instructions we think is sufficiently apparent. Other instructions, embraced in the bill of exceptions, requested to be given by counsel for appellant and refused by the court, we do not deem it necessary to take time to here set forth or refer to further than to say that we think they come clearly within the purview of the rules by which those already enumerated were properly refused.

The following instruction was given by the court, to which counsel for appellant excepted, and which is assigned as error, to wit:

"There has been something said by counsel in this argument about the form of the action in this case. Under our statute, the distinction heretofore existing between forms of

actions at law is abolished, and all that is required is that the complaint shall contain a plain and concise statement of the facts constituting the plaintiff's cause of action; and in this case, if you believe from the evidence that the plaintiffs complied with the contract mentioned in the pleadings in running the first one hundred feet of the tunnel, and that the defendant first violated the contract so as to render it impossible for the plaintiffs to comply with it in further prosecuting the work, then they have a right to recover in this action for the value of the work they have done, and that value must be ascertained from the evidence."

The concluding portion of this instruction we think was technically incorrect, for the reason that this is not an action by plaintiffs to recover the value of their services rendered, as upon a *quantum meruit,* but is an action to recover the price agreed to be paid by the terms of the contract between the parties. It does not appear from the bill of exceptions that there was any testimony given at the trial as to the reasonable value of the services of plaintiffs, and it was not necessary, under the pleadings, that any should have been given to entitle them to recover, if the jury found that the contract was broken by the defendant. The court might properly have said to the jury, " If you find from the evidence that the terms of the contract, set up in the complaint, were violated by defendant on its part, so as to prevent plaintiffs from going on and completing the tunnel in question, then you will find for the plaintiffs in the sum of four hundred and forty-six dollars and sixty-six cents, as claimed by them."

The jury must have found that the contract was broken by defendant in order to have found for the plaintiffs in any sum; and as they only returned a verdict for four hundred and forty-six dollars and sixty-six cents, the error complained of could not have operated to the prejudice of any substantial right of appellant.

The judgment of the court below should be affirmed.