Decided 23 November, 1903.

## DIXON v. JOHNSON.

[74 Pac. 394.]

AMENDING PLEADINGS ON APPEAL FROM JUSTICES' COURTS.

1. On appeal to the circuit court amendments may be allowed to the pleadings filed in a justice's court that merely rearrange or more fully state the facts set forth originally; as, it having been alleged in the justice's court that defendant was indebted to plaintiffs in a stated sum for which he had given his duebill, which was past due and unpaid, an amendment was properly allowed in the circuit court by alleging that defendant owed plaintiffs the same sum for work, in recognition of which he had delivered to them his duebill, pleading it both by copy and by legal effect, and that the amount thereof was unpaid though it was overdue, the amended complaint being merely an amplification of the original.

EXAMPLE OF FRIVOLOUS ANSWER.

2. In an action on a duebill the answer alleged that defendant had contracted with a certain person for the construction of a building for him, and that plaintiffs had contracted with such person to do the woodwork therein; that plaintiffs failed to complete the work required, but that defendant paid them a stated sum in excess of the value of their services, which plaintiffs agreed to repay; and that defendant, in consideration of plaintiffs' promise to complete the building according to contract, delivered the note sued on, but that the work had not been completed, whereby the consideration had failed, and judgment was demanded for the overpayment. Held, that the answer was frivolous, there being no obligation on the part of plaintiffs to perform work for defendant, nor on the part of defendant to pay therefor, and plaintiffs' failure to perform constituting no consideration for the note, in the absence of any novation.

From Grant: MORTON D. CLIFFORD, Judge.

This action was commenced by Dixon & Craig in a justice's court, it being alleged by the complaint, in effect, that on January 15, 1903, the defendant stood indebted to plaintiffs in the sum of $200, and as evidence thereof executed and delivered to plaintiffs his certain duebill for that sum, payable in thirty days; that the whole thereof is due, and defendant neglects to pay the same. An answer and reply having been filed in their order, a trial was had before the justice, resulting in a judgment for plaintiffs, from which the defendant appealed to the circuit court. Upon plaintiffs' application therein they were allowed, over objection, to amend their complaint, whereby it is alleged that on January 15, 1903, defendant was indebted to plaintiffs in the sum of $200 for work and labor done and performed as carpenters at the special instance and request

of the defendant, and, being so indebted, made, executed, and delivered to plaintiffs his certain duebill, setting it forth by copy, whereby he promised and agreed to pay plaintiffs the sum named, and that the same is due and wholly unpaid. To this complaint an amended answer was filed, which, after denying specifically, sets up as a separate defense that in 1902 one Kelly entered into a contract with defendant and C. P. Johnson, whereby he agreed to construct a stone and brick building for them; that thereafter, about August 10th of the same year, plaintiffs entered into a contract with Kelly, whereby, in consideration of the sum of $975, they agreed to perform the carpenter work upon the building; that plaintiffs performed extra work and services upon said building, not provided for in the contract, of the reasonable value of $384.70; that plaintiffs failed, however, to complete the said carpenter work according to their contract, in that they failed to build a desk in the office, the value of which work is $50, or to complete a partition on the first floor, the value of which is $25, or to place therein certain girders of the value of $75; that the value of the work and services performed by the plaintiffs under their contract is the sum of $825, and the total value of all work, including the extra services performed, is $1,209.70; that defendant paid to plaintiffs, on January 15, 1903, under said contract with Kelly, and on account of said extra labor and services, the sum of $1,294.70, being $85 in excess of the value of such services, which latter sum plaintiffs undertook and agreed to repay to the defendant; that on said January 15th, the plaintiffs having failed to perform their contract with Kelly in the particulars mentioned, the defendant, for himself and on behalf of C. P. Johnson, in consideration of the promise of plaintiffs to complete said building according to contract with Kelly in thirty days, and as an inducement to them to do so, made and delivered to plain-

tiffs the duebill mentioned in the complaint; that notwithstanding said promise the plaintiffs have ever since refused to complete said work and building according to their contract with Kelly and in the particulars mentioned, whereby the consideration for the duebill has wholly failed, wherefore defendant prays judgment against plaintiffs for the sum of $85.

The plaintiffs moved to strike out the whole of this answer by paragraphs, and were sustained in part—that is, as to paragraphs 2, 4, and 5—and overruled as to the remainder. The reply was permitted to stand as filed in the justice's court, whereby it is in a manner denied that plaintiffs failed to complete the carpenter work, or that the consideration for building the desk or partition or placing the girders in said building constituted the consideration or inducement for giving the duebill set up in the complaint. Upon this state of the case a trial was had, resulting in a verdict for the plaintiffs in the sum of $125, notwithstanding which defendant moved for judgment against them on the pleadings, which being denied, and judgment having been rendered upon the verdict, the defendant appeals. The case was submitted on briefs under Rule 16.                                    AFFIRMED.

For appellant there was a brief over the name of *Hicks & Davis.*

For respondent there was a brief over the names of *M. Dustin* and *J. E. Marks.*

MR. JUSTICE WOLVERTON, after stating the facts as above, delivered the opinion of the court.

1. The first question presented is whether the circuit court erred in permitting the plaintiffs to amend their complaint in that court. It may be predicated of the complaint filed in the justice's court that, at the worst, it contained a defective statement of a good cause of action, and

would have been sufficient after verdict. The amended pleading, it is conceded, states a good cause, both in form and substance, and, as it did not change the issues presented for trial, it was altogether proper to permit it to be filed in the circuit court: B. & C. Comp. § 2247; *Monroe* v. *Northern Pac. Coal Min. Co.* 5 Or. 509.

2. The question presented by the defendant's motion for judgment notwithstanding the verdict is not so clear ; but upon a critical examination of the separate answer, and construing it most favorably to the pleader, we think it manifest that it is frivolous, and constitutes no defense to the complaint. There is a seeming purpose to set up both a counterclaim and a specific defense to the duebill set up in the complaint. The allegations as to each, however, are so intermingled in the same pleading as to make them inseparable, neither being accompanied with sufficient of substance to enable it to stand alone. The contract by defendant and C. P. Johnson with Kelly, whereby he agreed to construct for them the building mentioned, and that by Kelly with plaintiffs, whereby they agreed to do the woodwork upon the building for Kelly, we may assume, as defendant's counsel claim, were set up by way of inducement to the defense attempted to be interposed ; yet in that light, or in any reasonable view that might be taken of the allegations, they serve, not, as counsel contend, to establish a good defense, but rather to show that the plea is in reality frivolous and without matter of substance to uphold it. It will be observed that the work which it is alleged the plaintiffs omitted to perform under their contract with Kelly amounted to $150, and, discarding all extraneous matter, the allegations of the answer simply come to this : that defendant paid to plaintiffs $85 of this $150 before they performed the work specified, which plaintiffs promised and agreed to repay him. There was no obligation on the part of plaintiffs to perform this work for

defendant, nor was there any obligation on the part of defendant to pay them for it. The correlative obligations were entirely between the plaintiffs and Kelly, so that the alleged overpayment was a mere voluntary act on the part of defendant, from which if there arose any implied promise on the part of plaintiffs to repay that sum it was not because of anything set up in the answer or of the relations existing between plaintiffs and defendant through the contracts alluded to. Conjoined with this allegation of plaintiffs' promise to repay to defendant the $85, relied on as a set-off or counterclaim to plaintiffs' demand, is the averment of the failure on the part of plaintiffs to perform the work as they agreed, and their promise to complete it in the future according to contract with Kelly, which it is alleged constitutes the inducement or consideration for the execution of the duebill, and, having further alleged that plaintiffs have not yet performed such work, counsel insist that defendant is not bound upon the obligation because of a failure of consideration. This indicates to our minds an endeavor on the part of defendant to make the alleged noncompliance of plaintiffs with their engagements in their contract with Kelly in the particulars specified the basis or consideration for the support, both of the alleged overpayment or set-off and the duebill. But the contract, as we have seen, was wholly between the plaintiffs and Kelly, with which defendant had no contractual concern. Nor would plaintiffs' failure to perform with any greater propriety constitute a valid consideration for a duebill executed by defendant to plaintiffs, in the absence of a novation, or other transaction of that character, and none such is alleged or relied on. So that the defense wholly fails, from whatsoever standpoint it may be considered. The separate answer is therefore frivolous, if not sham, upon its face, and the motion for a judgment notwithstanding the verdict, based, as it is, upon the plaintiffs'

failure to reply or to put in issue the alleged new matter set up in the answer, was properly denied. The defendant controverted the consideration for the duebill by his denials to the amended complaint, and succeeded in reducing the demand to $125, so that it appears he has had the benefit of the only defense he could make thereto, and has suffered no injury at the hands of the trial court. Its judgment should therefore be affirmed, and it is so ordered.

AFFIRMED.

---

Decided 23 November, 1903.