## McMAHAN *v.* WHELAN.

Equitable Cross Bill—Judgment as an Estoppel.

Neither a judgment in justice court in plaintiff's favor in forcible entry and detainer, nor a judgment likewise in his favor on appeal to the circuit court, estops defendant from resorting to equity to preserve his right to possession by an independent suit for specific performance of a verbal lease, and injunction against the judgment, since, the justice court being without equitable jurisdiction, he could not have availed himself of his remedy as a defense in that court, and neither could he have done so in the circuit court, as it would have raised a new issue not presented in justice court.

From Marion : Reuben P. Boise, Judge.

This is a suit by L. H. McMahan against Walter Whelan and the sheriff of Marion County to require the specific performance of a verbal contract of leasing, and to enjoin the enforcement of a judgment given and rendered by the

circuit court upon an appeal from a judgment obtained in the justice's court in an action for forcible entry and detainer. The complaint alleges that about September, 1901, plaintiff and defendant entered into a verbal contract for a lease to the plaintiff of lot 2, in block 4, Jones' Addition to Salem, for three years, at an annual rental of $75, to be paid in installments, $50 at the time of leasing, $25 eight months after October 8, 1901, and $25 every four months thereafter during the term of the lease; that plaintiff entered into possession in pursuance of the contract, and has paid all installments of rent up to and including the 8th day of October, 1903; that he tendered the installment of $25 payable on that date before it was due, the acceptance of which was refused, and now brings the same into court; that defendant agreed to execute a written lease in accordance with the terms verbally agreed upon, but has failed and neglected so to do; that after taking possession plaintiff cut and fitted new and expensive carpets to certain rooms in the dwelling, calcimined other rooms, constructed plank walks upon the premises, cleaned out the well, repaired and renovated the reservoir, etc., and leased a barn upon adjoining property, in reliance upon the verbal contract for a lease; that on October 17, 1903, defendant instituted an action of forcible entry and detainer against the plaintiff before N. J. Judah, Recorder of the City of Salem and *ex officio* justice of the peace, for cause whereof it was alleged that, on or about October 1, 1901, defendant herein delivered to the plaintiff possession of said premises, with the intention of leasing the same to the plaintiff, but that thereafter they were unable to agree upon the terms of the lease, and plaintiff continued in possession, at the will and sufferance of the defendant, holding the premises at the rental of $25 for each four months' term, payable in advance, and that he has failed to pay the rent according to the terms of his leasing; that plaintiff recovered judgment

therein for a dismissal of the action, which was reversed on appeal to the circuit court, and a judgment rendered in favor of the defendant, who is about to enforce the same through the instrumentality of a writ of restitution. The defendant has taken issue with the plaintiff upon every allegation of the complaint, except as to the rendition of the judgment in the justice's court and its reversal in the circuit, and sets up the latter judgment as an estoppel in bar to the present suit. A decree having been rendered in favor of the plaintiff, the defendants appeal.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John A. Jeffrey.*

For respondent there was a brief and an oral argument by *Mr. Samuel T. Richardson* and *Mr. Charles L. McNary.*

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing terms, delivered the opinion of the court.

By stipulation of the parties it is to be deemed that plaintiff has introduced evidence tending to support every allegation of the complaint. This leaves for our determination simply a question of law, which is whether the judgment against plaintiff herein in the circuit court, in the action for forcible entry and detainer, is a bar to the prosecution of the present suit. The plaintiff relies upon the case of *Wallace* v. *Scoggins,* 17 Or. 476 (21 Pac. 558), as decisive of this in his favor. There is this difference between the two cases. There the action of forcible entry and detainer had not gone to judgment, the justice being enjoined from proceeding further in the case, while here judgment has been rendered against the plaintiff herein. This is the only difference. Does it control the case differently, so as to deprive plaintiff of his remedy in equity? The defendant's theory is that plaintiff was a tenant at will or sufferance, from four months to four months, the

rental being payable in advance, and that, having alleged
appropriate facts in the justice's court showing this rela-
tion between the parties, and plaintiff having allowed them
to go uncontroverted, the latter is estopped by the judg-
ment, as having determined the fact in issue against him.
Upon the other hand, plaintiff insists that his defense to
that action was purely equitable, one that he could not
have availed himself of in a justice's court, and that the
judgment therein does not operate to deprive him of his
equitable remedy to enforce the specific performance of
the verbal lease entered into between him and the defend-
ant. This court has decided in *Hill* v. *Cooper*, 6 Or. 181,
which has been subsequently followed in *Spaur* v. *McBee*,
19 Or. 76 (23 Pac. 818), and *South Portland Land Co.* v.
*Munger*, 36 Or. 457 (54 Pac. 815, 60 Pac. 5), that under
the statute, which allows the interposition of equitable de-
fenses by cross-bill in actions at law, a party may insist
upon a legal defense in an action without being thereby
precluded from afterward asserting his equitable title by
an original suit. The law action there was in ejectment,
and the defendant, who appeared and answered, failed be-
cause he was claiming under an imperfect deed; but he
afterward began an independent suit, basing his right of
recovery upon the imperfect deed as a contract to convey,
praying specific performance, and it was held that the
judgment in the law action was not a bar thereto, the court
saying: "It is true, when the appellant asserted a fee-
simple title in his answer in the ejectment, he claimed a
title which, if he possessed, included all inferior titles, and
he had no need to assert this equity claimed in the suit.
But the determination in that action was that he had not
a fee-simple title; that such title was in respondent Cooper.
This determination in that action showed that appellant
was mistaken in supposing he possessed a fee-simple title
in that action. He could not assert his equity under the

pleadings on which it was tried, and consequently his equity asserted in this suit was not adjudicated in that action."

The rule obtains in California under a statute similar to ours, relating to the interposition of equitable defenses in actions at law. In *Hough* v. *Waters*, 30 Cal. 309, it was held that a judgment recovered in ejectment, where the equitable defense was pleaded and withdrawn, was not a bar to a recovery in equity upon a contract for specific performance. See, also, *Lorraine* v. *Long*, 6 Cal. 452; *Hills* v. *Sherwood*, 48 Cal. 386. Now, if a party is not estopped to pursue his equitable remedy by an independent suit when he has had an opportunity to set it up as a defense in a law action previously instituted against him, and did not, by a much stronger reason he should not be estopped when he has not had the opportunity and could not under the statute and rules of law have set it up in the law action if he had desired so to do. A justice's court has no equitable jurisdiction, and it would have been idle pretense for the plaintiff to have attempted to set up his equitable defense to the action of forcible entry and detainer in that court. Where the equitable defense could not be pleaded in the law action, the defendant will not be concluded by the judgment therein (*Radcliffe* v. *Varner*, 56 Ga. 222; *Waters* v. *Perkins*, 65 Ga. 32), and he may invoke his remedy by independent suit in equity, and may thereby interfere with and, if necessary, enjoin the operation or enforcement of the judgment at law: *Marine Ins. Co.* v. *Hodgson*, 11 U. S. (7 Cranch), 332; *Crim* v. *Handley*, 94 U. S. 652; *Phillips* v. *Negley*, 117 U. S. 665 (6 Sup. Ct. 901); *Knox County* v. *Harshman*, 133 U. S. 152 (10 Sup. Ct. 257). Plaintiff could no more set up his equitable defense in the circuit court after the forcible entry and detainer cause had gone there on appeal than he could in the justice's court, as it would have raised a new issue not presented in the

latter court: *Monroe* v. *Northern Pac. Coal Min. Co.* 5 Or. 509; *Dixon* v. *Johnson,* 44 Or. 43 (74 Pac. 394). We conclude, therefore, that the adjudication in the justice's and circuit courts in the forcible entry and detainer cause does not estop the plaintiff to prosecute his equitable remedy to enforce the specific performance of his verbal contract for a lease, having entered into possession and made expenditures in reliance thereon, and fully performed upon his part all the conditions thereof to the time of the institution of this suit. The decree herein of the circuit court will be affirmed.                                          AFFIRMED.