Argued August 11, decided October 25, rehearing denied December 31, 1910.

## MORRISON *v.* GARDNER.

[111 Pac. 243.]

PLEADING—COMPLAINT—SUFFICIENCY—AIDER BY JUDGMENT.

1. The complaint alleged that plaintiff was induced by defendant to examine a certain tract for the purpose of filing thereon as a timber claim, defendant representing that it was suitable and desirable for such a claim, and that plaintiff examined a tract of good timber which was stated by defendant to be on the land described, and, relying upon such representations, plaintiff applied at the land office to file on such land and paid defendant for his services; that he thereafter engaged a surveyor who discovered that the land described was not the tract pointed out by defendant, but one almost barren of timber, whereby plaintiff was damaged in the sum paid to defendant. *Held,* that the complaint, alleged a cause of action for damages resulting from defendant's misrepresentation, as to the identity of a tract, and was sufficient after judgment, as alleging an action for false representations.

JUSTICES OF THE PEACE — PLEADINGS — AMENDMENT — "SUBSTANTIAL CHANGE."

2. A "substantial change" in a pleading within Section 2247, B. & C. Comp., permitting the circuit court, in furtherance of justice and upon terms, to allow the pleadings to be amended so as not to substantially change the issue tried in the justice's court, or introduce any new cause of action, is such a change as necessitates different proof to prove the amended averments than that necessary to prove the original; an amendment which merely rearranges or more fully sets out the facts originally alleged being proper.

JUSTICES OF THE PEACE—APPEAL—AMENDMENT OF COMPLAINT.

3. An amendment in the circuit court on appeal of a complaint filed before the justice in an action for damages for false representations whereby plaintiff was induced to file on land as a timber claim when it was substantially without timber and worthless *held* not to change the cause of action originally stated.

FRAUD—ACTION—SUFFICIENCY OF EVIDENCE.

4. In an action for damages by defendant's false misrepresentations as to the location of a tract upon which he had plaintiff locate as a timber

and stone claim, evidence *held* to sustain a verdict for plaintiff, so that a nonsuit was properly denied.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by F. L. Morrison against I. P. Gardner commenced in the justices' court of Douglas County; the complaint, omitting the formal parts, being as follows:

"Plaintiff for his cause of action against the defendant alleges the following facts: That on or about the 5th day of February, 1908, plaintiff was induced by the defendant to examine a tract of land for the purpose of filing his application to purchase the same under the timber and stone act. That the said tract of land is described as follows, to wit, whereon said defendant represented as being suitable and desirable for the plaintiff to use his timber and stone application upon: The W. ½ of the S. W. ¼, N. E. ¼ of the S. W. ¼ and the N. W. ¼ of the S. E. ¼ of section 4, township 24 south of range 6 west, of the Willamette meridian, located in Douglas County, Oregon. That the plaintiff did accompany the said defendant and did examine what defendant described as the said tract above described, and, not being an experienced woodsman, was not used to the use of the compass, nor was he familiar with the governmental markings or monuments, and solely relied upon the representations made by the said defendant. That plaintiff was shown a tract containing good timber, and, relying upon the said representations of the defendant, he filed his said application in the United States Land Office at Roseburg, Oregon. That, as a consideration for the above-named services performed by the said defendant, defendant charged the plaintiff the sum of $204, which sum was paid to said defendant or to his order on or about said 5th day of February, 1908. That subsequent to the time of the filing of his said application to purchase as aforesaid the plaintiff secured the services of a competent cruiser and surveyor to examine the said land and run the line thereof and estimate the amount of timber thereon. That the said cruiser and surveyor found

the governmental markings and the land embraced in the description of said land was not the same as was shown to the plaintiff by the defendant, but a tract of land almost barren of timber, and wholly unfit for any other purpose. That by reason of the foregoing, the plaintiff is damaged in the sum of $204 paid as location fee and $40 expenses paid out in making said examination and time expended. Wherefore plaintiff demands judgment against the defendant in the sum of $244 and his costs and disbursements herein laid out and expended."

The answer denied each allegation of the complaint, and, the cause having been tried, judgment was rendered against the defendant, whereupon he appealed to the circuit court for that county.

Before the cause was tried on appeal, plaintiff filed an amended complaint, stating, in substance, that at all the times mentioned therein defendant was engaged in cruising timber and in locating entrymen on government land; that about February 4, 1908, while so employed, defendant represented to plaintiff that he knew of a certain 160-acre tract of public land containing 3,500,000 or 4,000,000 feet of good merchantable timber which could be secured as a timber claim; that in consideration of $204 he would show the land to plaintiff; that defendant pointed out to plaintiff a part of the premises on which he later filed, and also showed him 80 acres of well-timbered land joining on the south the real property hereinbefore described, and owned by the Oregon & California Railroad Company, which latter tract defendant falsely represented was a part of the premises for which plaintiff was to apply, well knowing the fraudulency of such statement; that plaintiff did not know how to ascertain the legal subdivisions of public land, was unskilled in estimating the quantity or quality of growing timber, and relied upon defendant for information in these particulars; that, believing the defendant's representations and depending thereon, plaintiff filed in the local land

office a timber application for the land described in the original complaint, which tract is not that pointed out to him by defendant, and the premises so applied for are almost wholly devoid of timber; that plaintiff caused to be paid to defendant the sum of $204, and also kept and performed every condition required of him; that, by reason of such false representations, plaintiff sustained further damages in the sum of $70, incurred in examining the land; that, upon discovery of the fraud, he demanded the return of his money from the defendant, who refused to comply; that such misrepresentations were made to cheat and defraud plaintiff, and to induce him to pay out the sum of money demanded; and that, relying upon such statements, plaintiff has been damaged in the sum of $274, for which judgment was demanded.

A motion to strike from the files the amended complaint, on the ground that a new cause of action was interjected, having been denied, an answer was filed denying each allegation of the complaint, except that at the times stated therein the defendant was engaged as a timber cruiser and in locating persons on public land.

Based on such issue, the cause came on for trial, at which testimony was received tending to show that prior to February 4, 1908 on the 160 acres particularly described, defendant had located plaintiff's brother, who had stipulated to pay for such services $204 on account of which he had given $122.70, leaving due $81.30; that plaintiff desiring to secure a timber claim, and being anxious to depart from Douglas County, it was agreed that, if the land to be pointed out by defendant was satisfactory to plaintiff, his brother would release to the government his right to the premises, whereupon plaintiff would give him $122.70, which he had advanced, and also pay defendant $81.30, the balance due, and the latter would locate plaintiff's brother upon another tract of public timber land; that defendant accompanied plaintiff to a

tract of valuable timber land which he asserted was the real property specified; that plaintiff, being pleased therewith, accepted the offer and applied at the local land office for the premises as a timber claim, gave and paid the sums of money specified, and defendant located on another tract of land the plaintiff's brother, who had, pursuant to agreement, relinquished his right to the premises specified.

Predicated on such testimony, the amended complaint, over objection and exception, was further altered by striking out the averment that, in consideration of $204, defendant stipulated to show plaintiff 160 acres of good merchantable timber land, and inserting in lieu thereof an allegation to the effect that prior to February 4, 1908, the defendant had located plaintiff's brother, D. S. Morrison, upon the premises; that the latter had paid a part of the consideration for such service, which sum plaintiff would give his brother to release his right to the land; that plaintiff, if satisfied with the real property, would apply therefor and pay defendant $81.30, the remainder due him, and the latter would locate plaintiff's brother upon other lands; and that defendant represented to plaintiff he was in need of the sum of money so due him, whereupon plaintiff paid it to him.

The answer to the second amended complaint denied each allegation thereof. During the trial the court denied the defendant's motion for a judgment of nonsuit, when plaintiff had introduced his evidence and rested, and, the cause having been submitted to the jury, they assessed plaintiff's damage at $200, with interest thereon from February 5, 1908, amounting to $211.60; and, judgment having been rendered in accordance therewith, the defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. B. J. Howland* and *Messrs. Cardwell & Watson,* with an oral argument by *Mr. James O. Watson.*

For respondent there was a brief over the names of *Mr. C. I. Leavingood* and *Mr. Comodore S. Jackson* with an oral argument by *Mr. Leavingood.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is maintained that the original complaint did not state facts sufficient to constitute a cause of action, and, such being the case, the pleading could not be amended; and that by permitting the complaint to be altered, as hereinbefore indicated, new causes of action were introduced and errors thereby committed. Considering these assignments in the order given, an examination of the complaint, filed in the justice's court, will show that it is stated, in effect, that plaintiff was induced by the defendant to examine a tract of land specified; that defendant then represented that it was suitable and desirable as a timber claim; that plaintiff examined a tract of good timber which was pointed out by defendant as the land so described; that, relying upon such representations, plaintiff applied at the local land office for the real property particularly specified; that in consideration of the services performed by defendant plaintiff paid him $204; that thereafter plaintiff engaged a surveyor who discovered that the land so described was not the real property indicated by the defendant, but was a tract almost barren of timber and unfit for any purpose; and that by reason thereof plaintiff had sustained damages in the sum of $204, which was demanded. Though the complaint is somewhat vague, it states enough in our opinion to show that the cause of action relied upon is a recovery of the damages asserted to have been received by reason of the defendant's misrepresentation as to the identity of a tract of land. Instead of alleging that the real property described in the original complaint, which was pointed out by defendant as suitable and desirable as a timber claim and had good timber thereon, was worth-

less for the purpose sought, it is averred that the surveyor found such tract to be almost wholly devoid of timber and valueless. This was setting forth the evidence relied upon for a recovery as to one part of the case, but as the original complaint does not appear to have been assailed, it states facts sufficient after judgment to constitute a cause of action for false representations.

. 2. The statute regulating the practice in circuit courts contains a clause as follows:

"The appellate court may, in furtherance of justice and upon such terms as may be just, allow the pleadings in the action to be amended so as not to substantially change the issue tried in the justice's court, or to introduce any new cause of action or defense." Section 2247, B. & C. Comp.

A substantial alteration in a pleading must be such a change as necessitates different proof to confirm the changed averments of a complaint or answer than that originally demanded: *Liggett* v. *Ladd,* 23 Or. 26, 38 (31 Pac. 81); *Foste* v. *Insurance Co.,* 26 Or. 449, 452 (38 Pac. 617); *Hume* v. *Kelly,* 28 Or. 398, 407 (43 Pac. 380). In construing the enactment quoted, it has been held that on appeal to the circuit court the pleadings filed in a justice's court may be amended when the alteration merely rearranges or more fully sets forth the facts originally stated: *Dixon* v. *Johnson,* 44 Or. 43 (74 Pac. 394).

3. The facts set forth in the amended complaints show that the cause of action stated in each pleading was defendant's alleged false representations as to the land which he pointed out to plaintiff as the premises hereinbefore particularly described. We believe that the amendments allowed did not substantially change the cause of action originally stated, and that in permitting such alterations the circuit court did not abuse its discretion.

4. It is insisted that the testimony received discloses that the defendant had located upon the land particularly described the plaintiff's brother, who paid for the services so performed; that plaintiff never had any agreement with defendant whereby he was to be located on such premises, and that the evidence introduced was such a variance from the averments of the second amended complaint that an error was committed in denying the motion for a judgment of nonsuit. The plaintiff testified that he went with defendant and examined the land which the latter pointed out as the premises for which plaintiff's brother had applied as a timber claim, but had not offered any proof in support of his entry; that prior thereto it had been agreed that, if the tract so described was satisfactory to plaintiff, the filing for the land would be relinquished to the United States, and plaintiff's application for the premises could be made, and he would be relocated by the defendant; that the defendant pointed out to the witness a tree which he stated was a corner of the land particularly described in the original complaint, and from the angle thus indicated much valuable timber was growing on the premises; that it was afterwards ascertained that the tree referred to was 600 yards from the corner indicated; that more than 100 acres of the land applied for had been burned over, destroying the timber and rendering the premises valueless as a timber claim, in support of which proof could not have been made; that, relying upon such representations, plaintiff gave his brother the sum of money which he had expended in securing the land, his right to which he surrendered, and plaintiff applied therefor, paying defendant the remainder due on account of the prior application, whereupon defendant relocated plaintiff's brother on other land; and that plaintiff had been damaged by reason of such false representations in the sum stated in the second amended complaint. The plaintiff's

testimony was corroborated in most particulars by the sworn declarations of his brother.

The testimony referred to was material and in our opinion sufficient to warrant the verdict returned, and no error was committed in denying the motion for a nonsuit.

It follows that the judgment should be affrmed, and it is so ordered.     AFFIRMED: REHEARING DENIED.