Argued December 18, 1919, affirmed January 27, rehearing denied
February 24, 1920.

## FRIBERG v. BJELLAND.

(186 Pac. 1113.)

**Specific Performance—Oral Lease for More Than One Year Specifically
Enforced Because of Improvements by Tenant.**

1.  A court of equity will require specific performance of an oral
lease for a term of more than one year, and therefore void under the
statute of frauds, where the tenant has entered into the premises and
has incurred expense in making valuable permanent improvements and
changed his position to such an extent that a refusal on the part of
the lessor to perform operates as a fraud on the rights of the lessee.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.

In the early part of the summer of 1917, the defend-
ant, Mr. Bjelland, was the owner of several houses lo-
cated on Lovejoy Street, in the City of Portland, Or-
egon.   While he and Friberg, who is a contractor, were
examining the house at 627 Lovejoy Street, Bjelland
asked Friberg if he did not want to rent the house at
625 Lovejoy Street which became vacant the last of
June, 1917.   Bjelland offered him the house for $20
per month.   Friberg, after he and his wife inspected
the house, informed Bjelland that it needed painting,
tinting, a new closet and shelves put in, and several
other things.   Mr. Bjelland told Friberg that he could
fix it up to suit himself, as long as he paid for such
improvements.   Mr. Friberg, in commenting on the
amount of money it would be necessary to spend to put
the house in condition for them to live in, said that if
they moved they wanted to be sure that after spending
this money, the rent would not be raised, and that they
would have the place for six years.   Bjelland assured
Friberg that he could have the house for six years or
more, for $20 per month, "as long as they paid the

rent"; Friberg to pay for any and all repairs and alterations of the house. As a result of these negotiations, it was agreed between them that Bjelland would rent the house to Friberg for the period of six years, at a monthly rental of $20 per month and that Friberg was to pay for any and all repairs and alterations that were put into the house.

At this same time Friberg agreed to repair and remodel Bjelland's house at 627 Lovejoy Street. He began this work shortly after the Fourth of July, and at the same time began to work on the house at 625 Lovejoy Street, pursuant to the contract. In the month of July, Friberg had the interior of the house painted and tinted, had some closets made in the house, put in some additional electric lights and wiring, spending about $150 on the house before he moved in and paid his monthly rental of $20. Thereafter, in carrying out the agreement, he spent about $180 in various improvements and repairs on the house and premises. He had a garage built and painted, putting in a cement floor; had some old locks on the doors of the house replaced with new locks; had the porch fixed; had the furnace fixed; and in the following spring had the lawn resodded, and new screens made especially for the windows of the house.

June 1, 1918, Bjelland notified Friberg that the rent would be raised, refusing to accept the rent offered. Later he reconsidered and accepted the rent. August 1, 1918, he again refused to accept the rent tendered, and upon Friberg's refusal to pay the demanded increase, Bjelland brought an action of forcible entry and detainer in the District Court for Multnomah County, against Mr. Friberg; whereupon Mr. Friberg began this suit, seeking to restrain the prosecution of that action, and forbid Mr. Bjelland from interfering

with him in his possession of the premises, known as 625 Lovejoy Street, and compel Bjelland to specifically perform his agreement of lease.                AFFIRMED.

For appellants there was a brief over the names of *Mr. M. B. Meacham, Mr. Emil P. Slovarp* and *Mr. S. B. Huston,* with an oral argument by *Mr. Meacham.*

For respondent there was a brief and an oral argument by *Mr. Oscar Furuset.*

There was a brief submitted over the name of *Mr. William C. Bristol, amicus curiae.*

BEAN, J.—1. A court of equity will require specific performance of an oral lease for a term of more than one year, and therefore void under the statute of frauds, where the tenant, relying upon that agreement has entered into possession of the premises and has incurred expenses in making valuable permanent improvements and changed his position to such an extent that a refusal on the part of the lessor to perform operates as a fraud on the rights of the lessee. Such part performance takes the contract out of the operation of the statute of frauds: *Wallace* v. *Scoggins,* 18 Or. 502, 504 (21 Pac. 558, 17 Am. St. Rep. 749) ; *West* v. *Washington Ry. Co.,* 49 Or. 436, 448 (90 Pac. 666) ; *McMahan* v. *Whelan,* 44 Or. 402 (75 Pac. 715) ; *Deeds* v. *Stephens,* 8 Idaho, 514 (69 Pac. 534) ; *Morris* v. *Herrick,* 130 Ill. 631 (22 N. E. 537, note in 3 L. R. A. (N. S.) 852) ; *Eaton* v. *Whitaker,* 18 Conn. 221, 230 (44 Am. Dec. 586).

An action at law would not afford the plaintiff adequate relief. It would be inequitable to permit the plaintiff to be ejected from the dwelling before the expiration of the time orally agreed upon for the lease.

There was a definite agreement, between the parties, for a lease for the term of six years at a rental of $20 per month. By the terms of the lease, the lessee was to make whatever repairs or alterations he might desire, in order to fit the dwelling for use during that period. Relying upon the contract, and in compliance therewith, plaintiff took possession of the premises and within a short time expended the sum of $330 in repairs and alterations of the house and the construction of a garage on the lot. Such outlay strongly indicates that Friberg had an understanding or contract with Mr. Bjelland for a lease of the premises for a period of more than one year, or he would not have expended a sum of money greatly in excess of one year's rental. The refusal by the defendant to perform the agreement operates as a fraud upon the rights of plaintiff.

We concur in the able opinion rendered by the learned trial judge, and affirm the judgment of the lower court.    AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.