[Filed May 3, 1889.]

# P. W. PARKER, RESPONDENT, *v.* THE WEST COAST PACKING CO., APPELLANT.

AN OWNER OF LAND BOUNDED BY NAVIGABLE WATERS possesses important riparian rights. By virtue of such ownership, he is entitled to build wharves out to such a depth of water as will enable ships and vessels navigating it to touch at such wharves and receive and discharge freight, and has the right to use the shore in front of his land for any purpose not inconsistent with the rights of the public. He may reserve such right to himself when he conveys away the land above high-water mark to which it pertains, or grant it to others to enjoy. Such right, however, is a mere incorporeal hereditament, and the possession of it cannot be recovered from a usurper by an action in the nature of an ejectment. Where S., therefore, who owned a donation land claim, bounded by high-water mark, on the tide-waters of the Columbia River, laid off a block in front of his claim extending beyond low-water mark, and sold lots therein to the defendant, but reserved in the deed of conveyance all the hereditaments, franchises, and wharfing privileges, fronting on the north of the northern boundary line thereof, which hereditaments, appurtenances, etc., he subsequently granted to the plaintiff, and the defendant, disregarding said reservation, built and erected structures in the navigable waters of the river in front of the northern boundary line of the lots purchased: *held*, that the plaintiff had no such tangible interest in the land and water where the structures were situated as would enable him to recover it in an action for the recovery of the possession of real property.

APPEAL from the Circuit Court for the county of Clatsop.

*Fulton Brothers,* for Appellant.

*J. Q. A. Bowlby,* for Respondent.

The respondent commenced an action in said circuit court against the appellant, a private corporation, ostensibly to recover the possession of real property. He alleged in his complaint that he was the owner in fee and entitled to the immediate possession of all the tide-land, water frontage, wharfing rights and privileges, north of, in front of, and adjacent to the north line of lots 4, 5,

and 6, in block 149, of the town of Astoria, as laid out and recorded by J. M. Shiveley, in Clatsop County, Oregon.   Said tide-land, water frontage, wharfing rights and privileges, being bounded on the north by the ship's channel of the Columbia River; that the north line of said lots 4, 5, and 6 is parallel to and three hundred feet north of the north line of Hemlock Street, in said town of Astoria; that more than six years ago, appellant wrongfully, and against the consent of respondent, entered into the possession of said premises, and wrongfully withholds them from respondent.   The appellent filed an answer to the said complaint, denying the respondent's ownership of the premises therein described; denied that there was any tide-land whatever north of, in front of, or adjacent to the north line of said lots 4, 5, and 6, or either or any part thereof; denied that the north line of said lots was only three hundred feet north of the north line of said Hemlock Street, but alleged that it was in the ship's channel of the Columbia River; denied the wrongful entry, possession, and withholding of the premises.   The appellant, for a further answer, alleged that the south line of lots 4, 5, and 6 was north of and beyond the line of extreme low tide in said river; that all the land lying between ordinary high and low tide line of said river, at said point, was between the south and north lines of lots 7, 8, and 9 of said block 149, and appellant, during all the time alleged in the complaint, was the owner in fee-simple of lots 4, 5, 6, 7, 8, and 9, and in possession thereof, occupying the same for a salmon cannery; and being such owner of said lots, it had the right and did extend its wharf out beyond the north line thereof, into said channel of said river, to enable boats to land thereat.   The respondent filed a reply denying the new matter, except as to the appellant's ownership of said lots, which ownership he tacitly admitted.   The parties to the action having waived a jury

trial, the case was tried before the court without a jury, and the following conclusions found: 1. That respondent is the owner of the wharfing rights and privileges north of, in front of, and adjacent to the north line of lots 4, 5, and 6, in block 149, of the town of Astoria, as laid out and recorded by J. M. Shiveley, in Clatsop County, Oregon, and that said wharfing rights and privileges extend to the ship's channel of the Columbia River; 2. That respondent is entitled to the immediate possession of the same, and that appellant wrongfully withholds the same from respondent; 3. That respondent is damaged by such wrongful withholding, in the sum of twenty-five dollars. Upon which conclusions the said court adjudged that the respondent have judgment against the appellant for the possession of the wharfing rights and privileges, and land covered with water, between the north line of said lots 4, 5, and 6, and the south side of the ship's channel of the Columbia River on the north, and for costs and disbursements, and said sum of twenty-five dollars, from which judgment said appeal is taken. It appears from the plats of the said town of Astoria, which is and has been for several years an incorporated city, that said block 149, as indicated thereon, is situated between Hemlock Street on the south, East Eighth Street on the east, East Seventh Street on the west, and a line parallel on the north line of Hemlock Street and three hundred feet north thereof on the north; that the block consists of twelve lots, numbered consecutively from one to six, in the north half of the block, and from seven to twelve in the south half thereof, the northeast lot being No. 1, and the southeast lot being No. 12; and the bill of exceptions shows that nearly the entire block is below high-water mark on the Columbia River, and about half of it below low-water mark. The counsel for the respective parties admitted on the hearing that at the north

line of lots 7, 8, and 9, and the south line of lots 4, 5, and 6, the water was two feet and six inches in depth at low tide; and eight feet and six inches in depth at high tide; and that at the north line of said lots 4, 5, and 6,—the north line of the block,—the water at low tide was six feet in depth, and at high tide, twelve feet in depth.   It also appears from the bill of exceptions that the portion of the block above high-water mark is a part of the donation land-claim of John M. Shiveley, who platted the said block, and a number of other blocks similarly situated, and duly recorded such plat.   It appeared, also, that the board of commissioners of the state of Oregon for the sale of school and university lands, on the twenty-eight day of September, 1876, executed to the said John M. Shiveley a deed in the name of the state conveying to him, among other tide-lands, all the tide-land embraced in said block No. 149, and extending to the centers of the streets east and west thereof.   It further appeared that on the seventh day of August, 1879, the said J. M. Shiveley and Susan L. Shiveley, his wife, R. Cyrus Shiveley, and Milton Elliott · duly executed a deed to one A. W. Cone, whereby they conveyed to the said Cone all their right, title, and interest in and to lot 7, in said block 149; that said deed contained the following clause: "And it is hereby stipulated and agreed by and between the said John M. Shiveley and A. W. Cone that all the hereditaments, appurtenances, franchises, and wharfing privileges fronting on the north of the northern boundary line of said lot 7 are expressly reserved out of this conveyance."   And it further appears that said Shiveley and wife, on the twenty-third day of October, 1879, executed a deed to August Olsen, purporting to convey to him lots Nos. 8 and 9, in said block 149, which deed contained a like clause of reservation as that in the former one.   It further appears that on the thirtieth day of October, 1879, the said Shiveley and wife ex-

XVII. OR.—33

ecuted a deed to the appellant, conveying to it their right, title, and interest in lots Nos. 4, 5, and 6, in said block 149, which also contained a like clause of reservation. It further appeared in evidence that the said Shiveley, on the twenty-fourth day of September, 1887, executed to the respondent a deed purporting to convey to him lots 1, 2, and 3, in said block 149, together with all the tide-land, water frontage, wharfing rights or privileges, in front of said lots, and northerly thereof to the ship's channel of Columbia River; and also all the tide-land, water frontage, wharfing rights or privileges, in front of said lots 4, 5, and 6, in said block 149, northerly thereof to said channel of said river. It was admitted by the respondent, at the trial in the circuit court, that said lots 7, 8, and 9, described in the deed to Cone and Olsen, were subsequently conveyed by them to the appellant, and that the appellant owned all of said lots 4, 5, 6, 7, 8, and 9 in said block 149, and which constitutes the west half thereof.

THAYER, C. J.—It will be observed from the facts in this case that John M. Shiveley, the owner of a donation land claim in the town of Astoria, fronting northerly on the Columbia River, claimed all the land and water in front of him out to what is termed the ship's channel; that he attempted to lay off such frontage into blocks, lots, and streets, recorded a plat thereof, and executed deeds of conveyance of portions of it to divers parties, who claimed ownership thereof by virtue of such conveyances; that in the several deeds to the lots in the west half of said block 149,—consisting of lots 4, 5, 6, 7, 8, and 9,—he inserted a sort of stipulation reserving to himself all rights and franchises in front thereof to ship's channel, which pretended rights and franchises he subsequently undertook to convey to the respondent in this case; and that, by virtue of such conveyance, the latter claims the

title thereto which he is attempting to assert herein; that Shiveley, in order, I suppose, to strengthen his title to such frontage, rights, and franchises, obtained a deed from the state of Oregon to all or a large part of the tide-lands in front of his donation claim.

The appellant, it seems, after procuring the deeds from Shiveley and his grantees to the several lots referred to, did not observe the stipulation of reservation contained therein, but extended out a wharf of some kind "to ship's channel," and assumes to occupy it in defiance of the claim of Shiveley's grantees, who now attempt to eject him therefrom.

This condition of affairs presents two questions: 1. Whether an action to recover the possession of real property can be maintained in such case; and 2. Whether Shiveley had such a tangible property right in the said frontage as enabled him to sell it out in parcels, and the purchasers thereof to acquire distinct interests therein.

That an owner of land bounded by navigable waters possesses important riparian rights by virtue of such ownership is not open to question. (*Yates* v. *Milwaukee,* 10 Wall. 497.) He has the privilege of building a wharf out to such a depth of water as will enable ships or vessels to touch thereat and receive or discharge freight, and may apply such frontage to any use not inconsistent with the rights of the public. He may reserve the rights to himself when he conveys away the land above high-water mark to which they pertain, or he may grant them to others to enjoy, but in subordination to the public right of navigation. Such rights, however, are mere incorporeal hereditaments. The land below high-water mark upon a navigable river, and which constitutes a part of its bed, belongs to the state in its sovereign capacity, subject to the riparian rights of the owner of the land above and adjacent thereto. The state, however, cannot sell it,

nor can the state control its use, except to increase the facilities for navigation and commerce. Nor can the riparian proprietor grant such land, or any right thereto, except such right as he himself is entitled to enjoy. He can only grant the franchise as before suggested. When, therefore, Shively and wife executed the deed to the appellant of October 30, 1879, conveying to appellant their right title and interest in said lots 4, 5, and 6, they merely granted to him a part of the riparian rights which attached to the donation land claim of John M. Shiveley. The deed, whatever its form or description of premises contained therein, only operated as a grant of a right to erect structures in the interest of navigation, and if it limited such right to an enjoyment of the portion of frontage described therein by force of said stipulation of reservation, yet Shiveley did not thereby acquire any more tangible interest in the land and water north thereof than he had before, which was not sufficient to enable him or his grantee to recover it in an action in the form of the one brought. An action in the nature of ejectment will not lie to recover possession of an incorporeal thing, as no possession can be given of such species of property.

If the respondent, therefore, has a right to erect wharves or other structures in the interest of navigation north of said lots 4, 5, and 6, and the appellant has infringed upon the right, he must seek some other mode of redress. Whether he has such right, however, it not necessary for us to decide in this case; but even if he has, he certainly cannot recover it in an action to recover the possession of real property, and that is decisive against his right of action, and no other question need be considered.

The judgment appealed from must be reversed, and the case remanded to the circuit court, with directions to dismiss the complaint.