IN THE

# SUPREME COURT

OF

# OREGON.

Argued October 8, reversed October 22, 1915.

## FELLMAN v. TIDEWATER MILL CO.

(152 Pac. 268.)

**Injunction—Jurisdiction—Adequate Remedy at Law—Title to Land.**

1. Equity will take jurisdiction of a suit to prevent the defendant from constructing a log boom, by driving piles along the harbor line directly in front of tide-lands alleged to be owned by complainants, and thence across the lands, isolating them from the navigable channel, and preventing ingress and egress to complainants' other property, to their irreparable injury, and threatening to fill the boom with sawlogs, even though defendant denied the alleged ownership, since the ownership, as to which an action of ejectment might have afforded an adequate remedy at law, was not the only question involved, but was ancillary to other questions of access, etc.

> [As to what is within the meaning of the law of irreparable injury, see note in 1 Am. St. Rep. 374.]

**Navigable Waters—Log Boom—Pleading—Federal Authority.**

2. Where defendant, while denying complainants' ownership, did not affirmatively plead title to the lands in question, and alleged that the boom was situated upon its own land and the waters of the river and bay, and was maintained under license from the federal government, without setting out the terms of such license, it could not be presumed that it empowered defendant to prevent the tide-water owner from access to navigable waters in front of his land.

**Navigable Waters—State Tide-lands—Title—Low-water Mark.**

3. Deeds conveying all the tide-lands in front of the lots mentioned therein extended the title thereunder to low-water mark, wherever that might be, then or afterward.

**Navigable Waters—Tide-lands—Accretion.**

4. The purchaser of tide-water lands, taking to low-water mark, acquires title to accretions gradually forming upon his original grant.

> [As to acquisition of title to land under water by possession adverse to state, see note in Ann. Cas. 1912A, 702.]

From Lane: WILLIAM GALLOWAY, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

The plaintiffs, Joseph Fellman and Jesse J. Nicolle, complaining of the Tidewater Mill Company, the defendant corporation, allege that they are the owners of all tide-lands fronting and abutting upon lots 3 and 4 in section 26, and lot 7 in section 35, of township 18 south, range 12 west of Willamette Meridian, in Lane County, Oregon, except a tract of tide-land containing 15 acres, which exception is particularly described by metes and bounds.   These tide-lands border on the Siuslaw River, a navigable stream used for the purpose of commerce and navigation.   In effect the complaint charges that the defendant is constructing a log boom by driving piles at short intervals, commencing near its sawmill and following the harbor line at a depth of about 10 feet upstream and directly in front of the tide-lands of plaintiffs, and thence across the lands themselves, completely isolating them from the navigable channel, and preventing ingress to and egress from their other property, to their irreparable injury, and that the defendant threatens to continue the boom and to fill it with sawlogs.

The defendant denies everything in the complaint, except the allegation of its corporate existence.   Answering affirmatively, it states in substance that it is operating a sawmill on Siuslaw Bay, and that it is necessary to maintain a boom in the river and bay to hold logs with which the mill is supplied.   This allegation then follows:

"That the log boom belonging to defendant, and referred to in said complaint, is situate upon the lands of defendant and upon the waters of said Siuslaw

River and Bay, and where the same is situate upon the said Siuslaw River and Bay, the same is so maintained under license from the United States of America, duly made and issued by the said United States of America through its Department of War, to which is delegated the regulation of navigation upon the said waters, and that the said boom is so situate, so as not to interfere with or impede navigation upon said Siuslaw River and Bay, and does not in fact interfere with the navigation of said waters, and that plaintiffs do not own, occupy, or use the lands upon which said log boom is situated and maintained, and that plaintiffs are not engaged in navigation upon the said waters, and have no property which is used or is available for the purpose of navigation or commerce upon or adjacent to the said waters, and that the said log boom is lawfully used and maintained by said defendant, and is not an obstruction to commerce or navigation, and is so maintained, used, and operated in its said business lawfully.''

The reply admits the navigability of the river, but traverses the other allegations of the answer. We deem it unnecessary to consider some new matter which appears in the last pleading. The Circuit Court heard the testimony on the issues raised, and determined substantially that, because there was drawn in question the title of real property, of which the defendant was in actual possession, the legal remedy of ejectment was adequate, that therefore the court was without jurisdiction to try the case on the equity side, and so dismissed the suit. From this decree the plaintiffs appealed.                              REVERSED.

For appellant there was a brief over the name of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

For respondent there was a brief over the names of *Messrs. Thompson & Hardy* and *Mr. Hollis S. Wilson,* with an oral argument by *Mr. Charles A. Hardy.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The ownership of the tide-lands mentioned in the complaint is not the only question involved. The issues affect also the right of access to the navigable stream. In *Coquille Mill & Mercantile Co.* v. *Johnson,* 52 Or. 547 (98 Pac. 132, 132 Am. St. Rep. 716), it was held that the right to operate a boom in a navigable stream adjacent to real property as a thing distinguished from appropriation and occupation of the soil under the water is an incorporeal hereditament, for the possession of which an action of ejectment will not lie —citing 15 Cyc. 16; *Parker* v. *West Coast Packing Co.,* 17 Or. 510 (21 Pac. 822, 5 L. R. A. 61). This feature of the case is peculiarly cognizable in equity, and serves as a leaven to leaven the whole lump of litigation, giving the chancery side of the court jurisdiction to hear and determine the entire controversy, although some features of it might be worked out at law. In a sense the title to the land is ancillary to the other question involved, when viewed from the standpoint of equity. As stated in *South Portland Land Co.* v. *Munger,* 36 Or. 457 (60 Pac. 5):

"The remedy at law to which the statute alludes must be plain, adequate, and complete, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. It is not enough that there is a remedy at law. * * 'The remedy at law which defeats a suit in equity must be full, adequate, and complete. Anything less than

this will not be sufficient to deprive equity of jurisdiction.' "

In support of this principle giving authority to courts in equity, although in some aspects of the litigation there might be some remedy at law, this precedent is quoted approvingly by this court in the following cases: *Sellwood* v. *Henneman,* 36 Or. 575 (60 Pac. 12); *Benson* v. *Keller,* 37 Or. 120 (60 Pac. 918); *Wollenberg* v. *Rose,* 41 Or. 314 (68 Pac. 804); *McMahan* v. *Whelan,* 44 Or. 402 (75 Pac. 715); *Livesley* v. *Johnston,* 45 Or. 30 (76 Pac. 946, 106 Am. St. Rep. 647, 65 L. R. A. 783); *Fire Assn.* v. *Allesina,* 45 Or. 154 (77 Pac. 123); *Wood* v. *Fisk,* 45 Or. 276 (77 Pac. 128, 738); *Clark* v. *Hindman,* 46 Or. 67 (79 Pac. 56); *Zeuske* v. *Zeuske,* 55 Or. 65 (103 Pac. 648, 105 Pac. 249, Ann. Cas. 1912A, 557). In *Hill* v. *Cooper,* 6 Or. 181, it was held that even by defending an action at law unsuccessfully the losing party was not deprived of his right to subsequently begin his suit in equity to maintain his rights which might be otherwise concluded by the judgment at law. If, therefore, as in that case, a defendant defeated in the law action may yet prosecute his suit in equity notwithstanding the law judgment, much more may he commence in equity in the first instance to wage his contention, when it involves relief which only chancery will award. It would be of little profit to the plaintiffs to bring ejectment for the tide-lands which they claim, and yet be cut off from access to navigable water by the boom of the defendant planted in front of them. We conclude that the issues involved in the pleadings are properly cognizable in equity.

2. The defendant does not affirmatively plead title in itself to the *locus in quo* described in the complaint. The plaintiffs point out that the boom is extended, not

only in the river in front of their premises, but also
across their lands to the 15-acre tract, forming the ex-
ception in the description already mentioned. Refer-
ring to the excerpt from the answer quoted above, we
find the defendant stating that the boom is situated
upon its own land, and upon the waters of the river
and bay, and where it is situated upon those waters
it is maintained under·license from the United States.
The terms of the permit are not set out, and it is but
a conclusion of law to say that the boom is maintained
under that authority. We cannot presume that it em-
powered the defendant to prevent the shore owner
from access to the navigable waters in front of his
holdings.

Without pleading title in itself, the defendant es-
sayed to prove that it was the owner of what is known
as "Tide Island," above the premises described by the
plaintiffs, and that this island by gradual accretion had
been extended downstream and in front of the lands
claimed by the plaintiffs. The muniments of title intro-
duced by them without objection on the part of defend-
ant show that by deeds of date August 26, 1887, and
March 8, 1889, the State of Oregon, by what is now
known as the state land board, conveyed to the plain-
tiffs' predecessor in interest all the tide-lands fronting
or abutting upon lot 7 in section 35, and lots 3 and 4
in section 26, township 18 south, range 12 west of the
Willamette Meridian. It is true that those convey-
ances state that the tide-land as it then existed con-
tained a certain number of acres. The position taken
by the defendant here is that the predecessor in inter-
est of the plaintiffs took only to the precise metes and
bounds described in the survey of the tide-lands as
they then were, and that those limits were fixed and
immovable, so that other tide-lands might afterward

come into existence between the lands then called tide-lands and the river. A further contention on the evidence is that by gradual accretion Tide Island was extended downstream in front of the lands originally conveyed by the state, as noted above, and hence cut off plaintiffs' holdings from access to the river.

3. In the first place, as regards the tide-lands, the deeds conveyed to the grantor of plaintiffs all the tideland in front of the lots mentioned. This extended the holdings under those deeds to low-water mark, wherever the same might be then or afterward. Applying this principle, Mr. Justice EAKIN, in *Grant* v. *Oregon Navigation Co.,* 49 Or. 324 (90 Pac. 179, 1099), as quoted by Mr. Justice BEAN in *Pacific Elevator Co.* v. *Portland,* 65 Or. 349, 399 (133 Pac. 72, 82, 46 L. R. A. (N. S.) 363), said:

"By the legislative acts of 1872 * * and 1874 * * the upland owner was given the preference right to purchase the tide-land, and upon such purchase, if not already vested in another under Section 4042, B. & C. Comp., he thereby acquired also the exclusive wharfage right to deep water, and also all accretions to his tide-land and the right to fill up the shallows or flats, so long as he does not impede navigation or interfere with commerce over the same."

4. The rule is that the purchaser of tide-land takes to the low-water mark, that afterward he is entitled to follow that line to the utmost of its recession, and that he acquires title to the accretions which gradually form upon his original grant: *Caulfield* v. *Smyth,* 69 Or. 41 (138 Pac. 227). The plaintiffs are therefore entitled to the accretions joining their land in front thereof to the present low-water line on the Siuslaw River, when considered as a pure addition by imperceptible degrees to that holding.

A careful reading of the testimony impresses us with the belief that the contention of the defendant that the accretion is part of Tide Island is not well founded. The evidence goes no further than to show that in former times there was a channel between Tide Island and the tide-lands included in the conveyances from the state, through which passage rowboats could be taken in any stage of water, but that now at low water all the lands in that vicinity are uncovered, including the bed of the channel. It is practically without dispute, however, that substantially along the east line of the premises claimed by the plaintiffs a depression exists, which some witnesses say contains water at all stages, and which those most favorable to the defendant admit has water in it at quarter tide. It seems clear to us that that depression is the small remainder of the former channel between the original tide-lands and Tide Island, showing that the accretions which extend from plaintiffs' grant to the present low-water mark are not part of Tide Island, but natural additions by imperceptible degrees to their holdings.

We conclude that as the suit involves the right of access to the navigable water, for which ejectment will not lie, a court of equity has jurisdiction, because the action of ejectment would not afford complete relief for the grievances of which the plaintiffs complain, although incidentally the title to the tide-lands is involved. We think, also, upon the merits of the case, the testimony shows that the accretions in front of and annexed to the lands of the plaintiffs cannot be attributed to an extension of Tide Island, but belong essentially to the original grant from the state to the predecessor of plaintiffs.

The decree of the Circuit Court is reversed and one here entered according to the prayer of the complaint.

REVERSED.   DECREE RENDERED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.

---

Motion to dismiss appeal filed July 12, conditionally allowed July 27, 1915.