Argued December 17, 1918, affirmed February 25, 1919.

## PUBOLS *v.* JACOBSEN.
### (177 Pac. 629.)

**Boundaries—Acquiescence in Boundary Line—Fence.**

1. Where fence was for more than twenty years acquiesced in by adjoining owners as boundary line, adjoining owner secured fee-simple title up to fence, though fence had at times become so dilapidated that cattle could get through.

[As to the conclusiveness of established boundaries, see note in 110 Am. St. Rep. 677.]

**Adverse Possession—Title—Conveyance.**

2. Title secured by adverse possession is a perfect title.

**Quieting Title—Incorrect Description—Void Quitclaim Deed—Cloud on Title.**

3. Where, through oversight of scrivener, description in deed did not correctly describe land intended to be conveyed, a quitclaim deed from vendor to third party of strip of land intended to be conveyed by prior deed, though void, is a cloud upon grantee's title.

**Ejectment—Cross-bill—Cloud on Title—Title by Adverse Possession.**

4. Where grantor intended to convey strip of land which, through oversight of scrivener, was not described in deed, and grantor subsequently quitclaimed such strip to third party, who brought ejectment action against grantee in prior deed, equity had jurisdiction of grantee's cross-bill to correct mistake in prior deed and to remove cloud from his title created by quitclaim deed, and to enjoin ejectment action though grantor originally obtained title to land by adverse possession.

From Washington: JAMES U. CAMPBELL, Judge.

Department 1.

Defendant Jacobsen began an action in ejectment against the plaintiff, whereby he sought to recover possession of 8.64 acres of land in Washington County.

An answer was filed therein denying the material allegations of the complaint, and affirmatively alleging that his defense, together with certain affirmative relief were based upon facts and conditions cognizable only in a court of equity. He then filed a cross-bill in equity. From this pleading it appears that plaintiff and the defendant Peder Jacobsen are the several owners of two tracts of land, both of which are in the east half of the David T. Lenox Donation Land Claim, Jacobsen claiming title under a deed executed in 1888, wherein his land is described as "the east one half of the east one half of the donation land claim of D. T. Lenox and wife," excepting therefrom a two-acre tract, which was used as a cemetery. Plaintiff's land is a portion of the west half of the east half of the same donation claim, and was conveyed to him by the defendants Christensen on November 10, 1910, by a deed in which it is contended that there was a mutual mistake in the description, whereby the land in controversy was omitted therefrom. It is alleged that the lands of plaintiff and Jacobsen were separated by a fence at the time when the latter purchased his tract in 1888; that he and his grantor recognized the fence as the boundary between the two tracts, and that plaintiff and his predecessors in interest have been in the adverse possession of the disputed tract for thirty years. It is also asserted that in 1913, Jacobsen procured the county surveyor to make a survey of his land, and then discovered, for the first time, that the fence was not on the true boundary line between the two farms, and with knowledge of the mutual mistake of the parties to plaintiff's deed, by deceitful and fraudulent representations, and by fraudulently concealing his intention to claim a part of the land sold

91 Or.—17

by the Christensens to plaintiff and by falsely pretending and leading them to believe that he was only seeking to quiet his title to the land lying on the east side of the fence, obtained from the Christensens a quitclaim deed to the land in dispute, and that such deed was without consideration. The prayer is for a decree correcting the mistake in plaintiff's deed, removing the cloud, created by the quitclaim deed, from his title, and enjoining the prosecution of the action at law.

The defendants Christensen answered admitting all of the allegations of the complaint, and pleading affirmatively that for more than twenty years prior to the date of their sale to plaintiff, they and their predecessors in interest had been in the adverse possession of the disputed land, and that it was a portion of the tract which they had sold and intended to convey to plaintiff by the deed of November 10, 1910. Practically all of the allegations of the complaint are reiterated in this answer, including the averment of fraud on the part of Jacobsen in procuring the quitclaim deed in 1913, and they conclude with a prayer for the cancellation thereof.

The defendant Jacobsen answered, denying the material allegations of the complaint, and plead affirmatively that he has been the owner of the land in controversy since August 18, 1888, and that in 1913 he and the plaintiff, because the boundary line between their tracts of land was indefinite and uncertain, entered into a mutual agreement to employ the county surveyor to survey, and fix upon the ground the true boundary line, in accordance with the descriptions in their several deeds; that in pursuance of such agreement they did jointly employ the county surveyor to establish such line, which he then did, with the result

that the land now in dispute was then determined to belong to Jacobsen, and that in order to confirm his title thereto, he procured from the Christensens, the quitclaim deed mentioned in the complaint. He also filed an answer to the answer of the Christensens, denying the material allegations thereof.

Replies having been filed to these answers, there was a trial resulting in. a decree in favor of the plaintiff, granting the relief prayed for, and the defendant Jacobsen appeals.                          AFFIRMED.

For appellants there was a brief over the names of *Mr. R. F. Peters* and *Mr. Wm. G. Hare,* with an oral argument by *Mr. Peters.*

For respondent there was a brief over the names of *Mr. Edmund B. Tongue* and *Mr. Thomas H. Tongue, Jr.,* with an oral argument by *Mr. Edmund B. Tongue.*

BENSON, J.—The trial court made findings of fact substantially in accord with the allegations of the complaint. We have read the evidence with great care and are satisfied that these findings are fully justified.

1. From the testimony it appears that for at least twenty years the plaintiff and his predecessors have occupied his farm, claiming to own the land up to the fence on the westerly side, and the defendant Jacobsen had always acquiesced in this line, never suspecting that he had any claim to a portion of the land on the easterly side of the fence until he had the survey made in 1913. The fence had been originally constructed of logs and brush, subsequently replaced partly by rail fence, partly by wire fence, and a portion of it still consists of brush and logs. It has at times become dilapidated, so that cattle could get

through, but has at all times continued to be the recognized boundary line of the two farms. This condition is sufficient, if continued for ten years, to establish a fee-simple title in the plaintiff: *Ramsey* v. *Ogden,* 23 Or. 347 (31 Pac. 778). The evidence discloses that such condition had existed for more than the prescribed time at the date when Mrs. Christensen and her husband conveyed the land to plaintiff. She then had a perfect title to all of the land within her inclosure, and undertook to convey it all to Pubols, for the sum of $14,000. By an oversight of the scrivener, the description did not correctly describe the land which was intended to be conveyed—an error which was not and could not be discovered except by the actual survey made by the county surveyor. Jacobsen then procured a quitclaim deed to be executed by Mrs. Christensen and her husband, covering the 8.64 acres of land which he sought to acquire by establishing the true boundary. He concealed from her the fact that a survey had been made which changed the boundary line, and she was misled thereby into giving him a quitclaim deed to land which she had already sold to Pubols.

Defendant Jacobsen urges that the line was established in 1913, in accordance with the provisions of Section 2991, L. O. L., and is therefore finally established in his favor. We think the evidence establishes that no proceedings were taken under that section of the Code, but, on the contrary, they sought the surveyor for the sole purpose of straightening the line where the fence was already established, in order to construct a new fence, and that when the county surveyor undertook to do something else, the plaintiff promptly repudiated the proceeding and withdrew.

2–4. It is also contended that plaintiff has not made a case entitling him to equitable relief, since his title rests entirely upon adverse possession, which is a complete defense to the action in ejectment. The case of *South Portland Land Co.* v. *Munger,* 36 Or. 457 (54 Pac. 815, 60 Pac. 5), is opposed to this view, and is decisive of the question. Plaintiff had purchased all of the land within the inclosure, and the Christensens had sold it to him, and thought that they had conveyed it to him, but by a mutual mistake, a small portion of the land had been omitted from the deed. It may be true that the title of the Christensens to this small piece was acquired by adverse possession, but it was nevertheless a perfect title and one which they had a right to convey, and plaintiff is entitled to have his paper title corrected accordingly. It is equally true that the quitclaim deed given by the Christensens to Jacobsen is a cloud upon his title, even though it is void: *Mount* v. *McAulay,* 47 Or. 444 (83 Pac. 529). It follows that the relief which a court of equity can give him is much more efficient than could be had in an action at law, and he has properly appealed to the equity side of the court: *South Portland Land Co.* v. *Munger,* 36 Or. 457 (54 Pac. 815, 60 Pac. 5); *Fellman* v. *Tidewater Mill Co.,* 78 Or. 1, 4 (152 Pac. 268); *Campbell's Gas Burner Co.* v. *Hammer,* 78 Or. 612 (153 Pac. 475).

We conclude that the decree of the lower court is correct and should be affirmed, and it is so ordered.

AFFIRMED.

BEAN, J., and BURNETT and HARRIS, JJ., concur.